In the Matter of William Orville
BALDWIN, Bankrupt.

No. B 05079.

United States District Court
D. Nebraska.

Jan. 5, 1966.

J. Patrick Green, Omaha, Neb., for bankrupt.

ROBINSON, Chief Judge.

This matter is before the Court on the bankrupt William O. Baldwin's petition for review of the proceedings before the Referee in Bankruptcy. The controversy centers around the exclusion by the Referee of certain debts from the discharge of the bankrupt.

The debts which were excepted from the discharge were incurred by the bankrupt while he was married to Wilma T. Baldwin. On May 18, 1965, Mrs. Baldwin brought a divorce action against the bankrupt and a settlement agreement was entered into. On July 30, 1965, the District Court of Douglas County, Nebraska, entered a decree of divorce, in which the prior settlement agreement was approved and confirmed. The court file from the state district court was offered and received into evidence before the Referee in Bankruptcy.

Paragraph six [6] of the settlement agreement provides as follows:

"6. The Husband specifically agrees to assume as his own responsibility and to pay the following debts which are now joint obligations of the Husband and Wife:

a. Brandeis—$1,200.00

b. Cash Credit Corporation—$1,200.00

c. Household Finance Company—$1,200.00

d. Standard Oil Co.—$500.00."

On August 23, 1965, the bankrupt filed a voluntary petition in bankruptcy, listing the debts mentioned in paragraph six of the settlement agreement [although in different face amounts] in Schedule A-2. On October 14, 1965, Wilma T. Baldwin filed an application for an order excluding these debts from the discharge in bankruptcy, claiming that they come under the heading of alimony or maintenance or support of wife or child within the meaning of Section 17 of the Bankruptcy Act.

The Referee excluded the debts owing to Cash Credit Corporation and Household Finance Company from the discharge of the bankrupt, accepting the contentions of Mrs. Baldwin as correct. The other two debts in paragraph six are not before us at this time and we therefore shall not further concern ourselves with them. The bankrupt objects to this exclusion and filed the present petition to have that determination reviewed by this Court.

■ A discharge in bankruptcy releases a bankrupt from all of his provable debts except those, among others, which are liabilities for alimony due or to become due, or for maintenance or support of wife or child. 11 U.S.C.A. § 35. We must therefore determine whether this rule should apply in this instance to exclude these debts from the discharge in bankruptcy. We find that it does.

■■ The bankrupt makes a distinction between an obligation to make direct alimony and/or support payments in cash or property to a divorced wife and the obligation to make payments on loans secured by marital property. We have concluded, however, that this distinction would ignore the intent of Congress in adopting the exclusion. It is the husband's duty to support his wife and children, which duty may be enforced in a variety of ways. Applied to the situation found here, it may be enforced by refusal to exclude said debts from a discharge in bankruptcy. A close analysis of the debts here in question [they are secured by household furniture and an automobile in the wife's possession] indicates that the bankrupt has accepted the obligation to provide furniture and an automobile as support and maintenance for his wife and children.

The United States Court of Appeals for the Eighth Circuit has supported this conclusion in Poolman v. Poolman [8th Cir., 1961] 289 F.2d 332. In that case, the husband had agreed to make payments on a deed of trust to the marital home which secured a joint note. When the husband failed to make payments the wife brought an action against him and gained a judgment for those payments which were in default. Upon the question of discharging this judgment debt in the husband's bankruptcy, the Court of Appeals, inter alia, said:

"We are convinced, however, that the state court judgment evidenced a liability for 'maintenance or support of wife or child' within the meaning of Section 17 of the Bankruptcy Act, and was not a dischargeable debt. It is safe to say that the obligation to maintain and support a family includes the obligation to keep a roof over their heads. It is obvious that that is what the bankrupt undertook to do when he agreed to keep up the installment payments on the trust deed upon the home in which his divorced wife and his children were to live. That the obligation has become unduly burdensome cannot be considered in determining the legal effect of his discharge."

The present debts were secured by household furniture and an automobile. While these items may not be quite so basic as a roof over the wife's head, they partake of the same nature. We determine that the obligation found herein is well within the meaning of Section 17 of the Bankruptcy Act.

■ Further, the settlement agreement evinces an intention on the part of the husband and wife to treat these payments as alimony or support. Paragraph thirteen [13] of that agreement states:

"13. In consideration of the above and foregoing to be received by the said Wife, she agrees to accept the benefits of this contract in full and complete satisfaction of all financial claims, monetary demands, support money, alimony, allowances, property claims and property rights of any kind, character, or nature whatsoever. * * * "

We believe that it would require an unnecessarily strict construction of this statute to grant the relief which the bankrupt requests in this review. Relying on the apparent intention of Congress

and the *Poolman* case, supra, we conclude that Section 17 of the Bankruptcy Act requires an exclusion of these debts from the discharge in bankruptcy. We may not close our eyes to the meaning and intent found in that statute. Accordingly,

The determination of the Referee in Bankruptcy that the aforementioned debts should be excluded from the discharge in bankruptcy of William O. Baldwin is hereby affirmed.