**In the Matter of Stephen Wayne UHOCK, Debtor.**

**Stephen Wayne UHOCK, Plaintiff,**

v.

**Terry J. UHOCK, Defendant.**

**Bankruptcy No. 81–01083–3.**
**Adv. No. 81–0981–3.**

United States Bankruptcy Court,
W. D. Missouri, W. D.

Oct. 7, 1981.

As Amended Oct. 19, 1981.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND DECREE DECLARING PLAINTIFF'S INDEBTEDNESS TO DEFENDANT TO BE NONDISCHARGEABLE IN BANKRUPTCY IN THE SUM OF $7,742.00 PLUS INTEREST AND FINAL JUDGMENT THAT DEFENDANT HAVE AND RECOVER THE SAME SUM FROM PLAINTIFF

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff filed a complaint seeking a finding that his indebtedness to defendant was dischargeable in bankruptcy. In her answer, the defendant contends that the indebtedness to her, owed by the plaintiff debtor, which arises out of a separation agreement entered into by plaintiff and defendant in connection with the dissolution of their former marriage, is an award of maintenance or support within the meaning of § 523(a)(5) of the Bankruptcy Code.

To ensure adequate preparation of the factual issues joined by the pleadings, the court formerly issued its pretrial order in this action directing the parties to conduct discovery and to file certain documents pre-

**7.** See the description of this property contained in note 2, *supra.*

liminary to trial. When the parties did not comply with the pretrial order, the court set a hearing for October 1, 1981, to determine whether sanctions should be imposed upon one or both of the parties and also on the merits of the action.

The plaintiff then appeared by David Stockwell, Esquire, his attorney, and the defendant by Paul Anthony White, Esquire, her counsel, and filed the following stipulation and orally stated to the court that they were submitting the case for decision on the basis of the stipulation:

"Come now the parties hereto by their respective counsel, and state to the Court that the following stipulation contains all of the evidence that either party desires to adduce, and that neither party desires an evidentiary hearing on the matters raised in the plaintiff's pleading or the defendant's response thereto. The parties agree that the sole issue in the case is whether the document attached hereto, and more fully described as the authenticated copy of the Separation Agreement of Plaintiff, Stephen W. Uhock[,] and Defendant, Terry J. Uhock[,] and the Authenticated copy of Decree of Dissolution dissolving the marriage of the Plaintiff, Stephen W. Uhock, and [D]efendant, Terry J. Uhock[,] in cause Number CV180–1211, Division III of the Circuit Court of Clay County, Missouri, which created the claim against Stephen Wayne Uhock by the [D]efendant[,] Terry J. Uhock, is a debt that may be discharged under the Bankruptcy Act.

"1. It is stipulated by and between the parties hereto that on the 17th day of September, 1980, prior to the entry of the above-referenced Decree of Dissolution, plaintiff and defendant entered into a contract, the same being denominated 'Separation Agreement', which is attached hereto, marked Exhibit 1.

"2. It is further stipulated by and between the parties hereto that on the 20th day of October, 1980[,] a Decree was entered by [The] Honorable Stephen R. Pratt, Circuit Judge in and for Clay County, Missouri[,] dissolving the marriage of the plaintiff and the defendant,

and that a true copy thereof is attached hereto, marked Exhibit 2.

"3. It is further stipulated by and between the parties hereto that the plaintiff has not paid the monies required by paragraph 10 of Exhibit No. 1, and that plaintiff did not adjust his income on his 1980 Form 1040, U. S. Individual Income Tax Return.

"4. It is further stipulated by and between the parties hereto that the defendant did not declare any amounts on her 1980 U. S. Individual Income Tax Return as alimony. Defendant was not paid the amount in dispute, i.e., the amount required to be paid under the provisions of paragraph 10 of Exhibit No. 1.

"5. It is further stipulated by and between the parties hereto that the debts mentioned in paragraph 10 of Exhibit No. 1 were debts whereby both the plaintiff and the defendant were jointly and severally liable to the creditors for the payment thereof, but that the plaintiff has been discharged in bankruptcy, and is no longer liable thereon, but that defendant has not filed a petition in bankruptcy, and she remains liable for the debts more fully described in paragraph 10 of Exhibit No. 1.

"6. That the debt to Household Finance Company is secured by furniture in the possession of the defendant, said furniture having been given to the defendant under the provisions of paragraph 4 of Exhibit No. 1.

"7. That if the plaintiff were called as a witness in this proceedings, [sic] he would testify that he entered into the Separation Agreement, Exhibit No. 1, in good faith, and expected to carry out his obligations thereunder, but that a change in financial circumstances necessitated that he seek relief under the provisions of the Bankruptcy Act.

"8. That if the defendant were called as a witness in this proceedings, [sic] she would testify that she entered into the Separation Agreement, Exhibit No. 1, in good faith, and expected the provisions contained therein would be carried out,

and that if the debt to her is dischargeable, that it will adversely affect her ability to support herself."

The provision of the separation agreement which is in issue (referred to as "paragraph 10 of Exhibit No. 1" in the foregoing stipulation) is as follows:

"10. MAINTENANCE IN GROSS FOR WIFE AS SECURITY: Husband agrees to pay Wife a lump-sum gross maintenance of $7,742.00 as security to cover two promissory notes executed by the parties. One to GMAC with a balance of approximately $5,500.00 and one to Household Finance Co. with a balance of $2,242.00. Husband has agreed to hold Wife harmless for these debts and upon payment of same this lump-sum maintenance payment will be satisfied."

The decree of dissolution of the parties' marriage (referred to as "Exhibit No. 2" in the foregoing stipulation) was entered by the Circuit Court of Clay County, Missouri, on October 20, 1980. *Inter alia*, it pertinently directed the parties "to perform and abide by the terms and provisions of their Separation Agreement" which it found to be "fair and not unconscionable." But it also found that "[b]oth parties do hereby waive all claims for maintenance, alimony or any other type of support from the other party and both agree that they will not attempt to collect said type of support from the other party at any time."

■ The general issue which arises respecting such hold-harmless agreements is whether they constitute awards of support or maintenance or whether they are property settlements.[1] If the former, the amount of the award is nondischargeable in bankruptcy. But a property settlement creates a debt which is dischargeable in bankruptcy. In determining this issue, the courts have repeatedly held that the characterization given the award by the state court in

the dissolution decree is not controlling, nor is that which the parties have given it in the separation agreement. Rather, it is the *function* which the award is intended to serve which dictates whether it is a dischargeable property settlement or nondischargeable maintenance or support. *Poolman v. Poolman*, 289 F.2d 332, 335 (8th Cir. 1961); *In re Baldwin*, 250 F.Supp. 533 (D.Neb.1966). If the debts arise out of expenditures made for a support function, e.g., housing, furniture, food, or other necessaries, then an agreement to pay them is to be characterized as support or maintenance and decreed to be nondischargeable. *Id.* If, however, the debts arise out of expenditures for non-necessaries which cannot be fairly described as necessary for support or maintenance, then they may be held to be a dischargeable property settlement.

■ In the action at bar, in filing the above-quoted stipulation, the parties have not stipulated facts which are directly relevant to the function or purpose of the expenditures creating the debts. The court must therefore rely on so much of the stipulation which indirectly tends to show function or purpose of the expenditure. Thus, it is said in paragraph 6 of the above-quoted stipulation that one of the debts, that to Household Finance Company, is secured by furniture which, under the provisions of paragraph 4 of the separation agreement, are dealt with as follows:

"4. PROPERTY OF WIFE: The Wife shall have as her separate property all of her personal effects and belongings, and in addition the items of household furniture, furnishings, appliances, and equipment which are presently in her possession except those items listed in Paragraph 5 of this Agreement."

---

1. Section 523(a)(5) of the Bankruptcy Code is intended to "make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations that are similar to considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement." Legislative History under section 523(a)(5), Title 11, United States Code.

It is not explicitly stipulated or otherwise stated whether the furniture which is the security constitutes all or part of that which is necessary to serve the support or maintenance function. But the court is warranted in drawing the inference from the stipulation that the defendant's paying the debt to Household Finance Company is necessary to plaintiff's retention of the furniture. And, absent facts to the contrary, it seems ordinarily proper to assume that household furniture is necessary to the essential human functions of nourishment, sanitation, and rest. As such, furniture must be regarded, without more, as serving the support or maintenance function.

Neither the stipulation nor any of the writings submitted therewith disclose the purpose or function of the expenditure underlying the indebtedness to the General Motors Acceptance Corporation. There is no indirect evidence of the purpose or function. Under such circumstances, this court can only rely upon the characterization of the debt by the parties. In the separation agreement, as noted above, the hold-harmless award is unambiguously characterized as one of "maintenance in gross for wife as security." Nor does the provision in the decree of dissolution for waiver of maintenance by each party appear to create any ambiguity. For it is clear that "maintenance" in the decree is intended to mean only periodic maintenance as opposed to the "maintenance in gross" described in the separation agreement.

Thus, in the absence of facts demonstrating to the contrary, the court can only rely upon the parties' characterization of the awards as "maintenance." And that characterization, in the case of the debt to Household Finance Company, is further supported by evidence tending to show that the expenditure was for necessary household furniture in possession of the defendant. It is therefore, accordingly.

ORDERED, ADJUDGED AND DECREED that the plaintiff's indebtedness to defendant in the sum of $7,742.00 (plus any interest necessary to extinguish the indebtedness) be, and it is hereby, declared to be nondischargeable in bankruptcy. It is further

ADJUDGED that the defendant have and recover from the plaintiff the sum of $7,742.00 plus any interest necessary to extinguish the indebtedness to GMAC and Household Finance Company.