In re Michael Vance FRANCISCO a/k/a
Mike Francisco, Michael V.
Francisco, Bankrupt.

Elke I. FRANCISCO, Plaintiff,

v.

Michael Vance FRANCISCO, Defendant.

Bankruptcy No. 78–00970.

United States Bankruptcy Court,
W. D. Virginia.

Nov. 29, 1979.

Helen P. Parrish, Charlottesville, Va., for plaintiff.

Charles Van Hoback and David R. Nichols, Roanoke, Va., for defendant.

MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue here is the dischargeability of debts and support obligations contained in a Separation Agreement of the Plaintiff and Defendant, formerly husband and wife,

now divorced, pursuant to Section 17a(7), (11 U.S.C. § 35(a)(7)).[1]

The Plaintiff filed the Complaint herein under Rule 701, seeking a determination by this Court of the dischargeability of the liabilities assumed by the Defendant as part of a "Property Settlement Agreement" entered into between the parties at the time of separation. The Agreement was incorporated in the Divorce Decree entered by the Circuit Court of Roanoke County, Va., on August 6, 1979, in the language recited hereafter.

The parties were married in Germany in 1970. A son, Michael L. Francisco, age 6, at the date of the Agreement, was provided for in the Agreement, along with the Plaintiff. The preamble of the Agreement states that the parties desire to settle their property rights, custody, support and maintenance of the child and wife in so far as they may.

Paragraph 1 of the Complaint provides that the custody of the infant child shall remain with the Plaintiff, reserving visitation rights to the Defendant.

Paragraph 2 provides for the support of the parties as follows:

"Michael V. Francisco shall pay unto Elke I. Francisco, the sum of Three Hundred Twenty Dollars ($320.00) each month, payable as follows: $200.00 for the support and maintenance of Elke I. Francisco, and $120.00 for the support and maintenance of Michael L. Francisco. Said $120.00 for the support and maintenance of Michael L. Francisco shall be paid in the form of payments to DeJarnett's School, Staunton, Virginia, as long as said child is enrolled at said school. In the event said child is not enrolled at said school, said money shall be payable direct to Elke I. Francisco, natural mother of said child."

In Paragraph 3, the parties agreed that apparently all of the furniture and appliances of the parties, including oil paintings and color tv set, would be the sole property of the wife.

In Paragraph 4, the husband agreed to carry health and accident insurance upon the wife and child so long as his employment contract permitted.

■ Paragraph 5 is the provision that is in issue before the Court. The paragraph is as follows:

"Michael V. Francisco promises and covenants to assume all outstanding indebtedness incurred by the parties hereto during their marriage and covenants to hold Elke I. Francisco harmless from any suit resulting from said debt incurred during their marriage."

Paragraph 6 provides that the parties shall be responsible for their separate future debts and paragraph 7 deals with the payment of the wife's attorneys fees. Paragraph 8 contains their understanding of the agreement thusly:

"The parties hereto agree that they understand the nature and value of their property and that they further understand the rights that they are entitled to under the laws of Virginia and hereby execute this Agreement voluntarily and without coercion or duress on the part of either party. The parties hereto agree that in the event an absolute and final divorce decree is entered by a Court of proper jurisdiction, either party requesting entry of said decree will request that this property settlement agreement be RATIFIED, CONFIRMED AND APPROVED and incorporated into said divorce proceedings."

The Circuit Court of Roanoke County decreed in its *A Vinculo Matrimonii* Decree directed as follows:

"It further appearing to the Court that on the 12th day of December, 1978, the parties hereto entered into a Property Settlement Agreement, and it appearing to the Court that said Agreement is fair

---

1. § 17. *Debts Not Affected by a Discharge.*
   a. "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (7) are for alimony due or to become due, or for maintenance or support of wife or child, . . . ."

and reasonable, it is therefore, ORDERED that said Agreement be RATIFIED, CONFIRMED AND APPROVED and incorporated into these proceedings, and in conformity therewith it is ORDERED that Michael V. Francisco pay to Elke I. Francisco the sum of $320.00 each month for the support and maintenance of Elke I. Francisco and Michael L. Francisco. Two Hundred Dollars ($200.00) shall represent support and maintenance for Elke I. Francisco and $120.00 each month for support and maintenance of Michael L. Francisco. Said payments shall be made directly to Elke I. Francisco on the first day of each month from the date of entry of this Decree, and Elke I. Francisco shall be responsible to pay for the schooling of the said Michael L. Francisco."

Upon trial before this Court of the Complaint seeking a determination of the dischargeability of the Defendant's obligations under the Agreement, the only evidence presented other than documentary evidence of the Agreement and Court Decree was the testimony of the Plaintiff. The Defendant appeared by Counsel, but not in person.

Plaintiff introduced a note due United Virginia Bank with a balance of approximately TWO THOUSAND FOUR HUNDRED and 00/100 DOLLARS ($2,400.00) as one of the debts included in Paragraph 5. Additionally, the Plaintiff was permitted, over the objection of the Defendant, to amend her Complaint to add two other debts assumed by the Defendant in Paragraph 5 as follows:

Beneficial Finance Company, approximately TWO THOUSAND TWO HUNDRED and 00/100 DOLLARS ($2,200.00) Household Finance Company, approximately ONE THOUSAND ONE HUNDRED and 00/100 DOLLARS ($1,100.00).

The Plaintiff's testimony generally concerned her present financial difficulties and her budgetary requirements in the maintenance of herself and her infant son. There was no testimony attempting to explain or construe the intent of the parties with reference to the terms of the Agreement. Other than the Plaintiff's testimony, the evidence before the Court is the documents and their proper construction as their provisions relate to the applicable law.

■ The burden of proof upon the Complaint rests with the Plaintiff. *Bankruptcy Court Rule* 407.

A review of the Agreement reflects that the support and maintenance for the Plaintiff and infant child was set forth in Paragraph 2. This Provision was written explicitly. The Defendant would pay the sum of THREE HUNDRED TWENTY and 00/100 DOLLARS ($320.00) per month to the Plaintiff, apportioned TWO HUNDRED and 00/100 DOLLARS ($200.00) to the Plaintiff and ONE HUNDRED TWENTY and 00/100 DOLLARS ($120.00) to the infant child. The State Court Decree made specific these amounts, which it directed to be paid. The Agreement then recites Paragraph 3 concerning the furniture and Paragraph 4 concerning insurance.

Reaching Paragraph 5, the Defendant thereupon, as a distinct separate matter, assumes the liability for the debts incurred by the parties during the marriage and agreed to hold the Plaintiff harmless therefrom. In viewing the Agreement as a whole, it appears that Paragraph 5 is a separate, distinct undertaking by the Defendant without any connection or reasonable association with the amounts set forth in the support and maintenance of paragraph 2. (There is no issue as to the dischargeability of the THREE HUNDRED TWENTY and 00/100 DOLLARS ($320.00) support and maintenance and the requirement for carrying health and accident insurance. All parties agree that these items are nondischargeable and that the Court should so adjudge.)

■ Other courts, generally, in construing property settlement agreements of this kind, have held that each case must be decided upon its own merits after a review of the respective facts of the case. The terms of the agreement in each case and the surrounding circumstances must be tak-

en into consideration in arriving at a conclusion concerning the dischargeability of these debts. Under Section 17(a)(7), (11 U.S.C. § 35(a)(7)), Congress intended only that payments decreed for support and maintenance of spouses and children should be excluded from the provisions of discharges. If the payments directed by State Courts or agreed to by the parties are simple debts unassociated with support and maintenance, these do not come within the intent of the Statute; hence, are dischargeable.

In construing this Statute, other courts have held that payments agreed upon by the parties or directed by State Courts to be made upon mortgages or deeds of trust notes involving the home, providing shelter for the beneficiaries, are in the nature of maintenance and support. This has been so held, even though not specifically designated as such in the agreement. Providing shelter is inherent in the duty of support and maintenance. See *Poolman v. Poolman* (8 Cir. Mo.) 289 F.2d 332, Re: *In re Baldwin* (D.C.Neb.) 250 F.Supp. 533.

Two cases reviewed by this Court appear to be factually in point, and would seem to govern this decision. See Re: *Nitz v. Nitz* (10 Cir. 1977) 568 F.2d 148 and Re: *Matter of Woods* (7 Cir. 1977) 561 F.2d 27.

In *Nitz, Supra,* the divorce decree contained provisions as to child support and alimony. Additionally, the husband agreed to assume responsibility for other debts apparently incurred during the marriage and owed by the parties, consisting of unsecured loans, retail charge accounts, as well as a note representing the down payment upon the residence. The Tenth Circuit, sustaining the Bankruptcy Court, held that the debts assumed were dischargeable and not in the nature of support and maintenance or alimony.

In *Woods, Supra,* the separation agreement provided that the husband would assume the obligation of paying the bills incurred during the marriage. The Court stated that the assumption of said debts made no provision for the payment of any specified sum nor the method thereof; that,

in fact, no payment relating thereto was directed, either in the agreement or by the Court decree, to be paid directly to the wife, and hence, dischargeable.

As in *Nitz* and *Woods, Supra,* the terms of the agreement, whereby the Defendant agreed to assume and pay the debts of the parties incurred during the marriage, was one of contract between the parties. It was a distinct and separate undertaking. The Decree of the Circuit Court of Roanoke County contained no stipulation that conditioned the payments of these debts as a part of support and maintenance. Indeed, Paragraph 5 was isolated from the support provisions of paragraph 2 and was essentially a separate undertaking by the Defendant. The State Court Decree approved the agreement in general terms but then, in specific terms, decreed the payments of the sums of TWO HUNDRED and 00/100 DOLLARS ($200.00) and ONE HUNDRED TWENTY and 00/100 Dollars ($120.00) for the wife and child. This is, of course, significant in construing the Decree.

After mature consideration of the foregoing facts and law, the Court concludes that the debts included in Paragraph 5 are dischargeable. It is accordingly

ADJUDGED, ORDERED AND DECREED

that the provision of the Court Decree and Agreement providing for the payment of the sum of THREE HUNDRED TWENTY and 00/100 DOLLARS ($320.00) per month, as well as health and accident insurance for the benefit of the Plaintiff and their son, be, and the same are nondischargeable, and judgment is accordingly so rendered. The debts assumed in Paragraph 5, being outside the scope of Section 17(a)(7) are dischargeable and the discharge shall accordingly so issue.