In re James Walter HUGGINS, Debtor.

Mary J. HUGGINS, Plaintiff,

v.

James Walter HUGGINS, Defendant.

Bankruptcy No. 80–20914.
Adv. No. 81–0011.

United States Bankruptcy Court,
D. Kansas.

July 21, 1981.

---

Stephen G. Bolton, Shawnee Mission, Kan., for debtor/defendant.

Hosea Ellis Sowell, Kansas City, Kan., trustee.

Richard T. Merker, Overland Park, Kan., for plaintiff.

## MEMORANDUM OPINION

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for hearing on May 7, 1981. Plaintiff, Mary J. Huggins, was represented by Richard T. Merker of the firm of Wallace, Saunders, Austin, Brown & Enochs. Defendant, James Walter Huggins, was represented by Stephen G. Bolton.

## FINDINGS OF FACT

The parties stipulated to all facts but one, which is whether or not plaintiff agreed to waive alimony in consideration of defendant's promise to assume certain debts and hold her harmless on such debts.

The Court, after examining the stipulations, pleadings on file, hearing the testimony of plaintiff and defendant, and arguments of counsel, finds as follows:

1. That the Court has jurisdiction over the parties and subject matter.

2. That on October 15, 1979, plaintiff and defendant entered into a "Property Settlement Agreement". That agreement provided in relevant part as follows:

"I. CHILDREN

7. *Child Support.*

*That husband shall pay to the wife as and for the support and maintenance of the parties' children, the sum of $225.00 per month . . .*

II. ALIMONY

*In consideration of the promises and covenants as contained in this agreement, the wife specifically waives the payment of any alimony by the husband . . .*

III. DIVISION OF PROPERTY

3. *Debts*

*That wife shall have as her sole and separate obligation, the parties' debts owed to Stix, Baer and Fuller in the approximate sum of $350.00; two Macy's charge accounts, totalling approximately $550.00; G.F.C. Finance, with an approximate balance of $300.00. That husband shall have as his sole and separate obligation, the parties' debts owed to Master Charge, in the approximate amount of $1,000.00; Conoco, $335.00; two J. C. Penney accounts totalling approximate-*

ly $1,120.00; Jones Store Company, $200.00; Sears, $300.00; Shoppers Charge, $300.00; Heathkit, $400.00; Spiegel, $800.00; Amoco, $600.00; Woolco, $500.00; Beneficial Finance Corporation, $4,200.00; and Sears, $900.00. Said husband further agrees to pay to said wife on or before May 1, 1980, the sum of $1,000.00 to be applied to the Black and Veatch Credit Union debt of approximately $1,700.00. That each party shall be individually responsible for all debts incurred by him or her individually; that each party shall indemnify and hold harmless the other party from any loss, claim, suit of law and/or judgment which the other party might suffer by reason of the responsible party failing to meet his or her obligations as stated herein."

3. That on October 16, 1979, plaintiff filed a petition for divorce against defendant in the District Court of Johnson County, Kansas, Case No. 87866.

4. That on December 18, 1979, a decree of divorce, incorporating the property settlement agreement of October 15, 1979, was granted to plaintiff against defendant.

5. That pursuant to that agreement, plaintiff was granted $225.00 per month for child support. Defendant assumed approximately $11,000.00 and plaintiff assumed approximately $1,900.00 in debts. In consideration of this, plaintiff waived alimony.

6. That at the time of the divorce, plaintiff earned approximately $1,200.00 per month; and defendant earned approximately $1,372.00 per month.

7. That defendant, on September 3, 1980, filed a petition in bankruptcy.

8. That subsequently, Beneficial sued plaintiff in the District Court of Johnson County, Kansas, Case No. 97651 for $3,074.13, plus interest from September 11, 1980.

9. That plaintiff filed an answer; and a third-party petition against defendant for indemnity, attorney fees and costs.

10. That on January 6, 1981, defendant amended his bankruptcy petition to add plaintiff as an unsecured creditor to the extent of $3,074.13.

11. That of February 20, 1981, defendant was granted a discharge in bankruptcy.

## ISSUE

WHETHER THE PARTIES' AGREEMENT TO ASSUME CERTAIN DEBTS AND TO INDEMNIFY AND HOLD EACH OTHER HARMLESS THEREON RENDERS THE BENEFICIAL FINANCE DEBT ASSUMED BY THE DEBTOR NONDISCHARGEABLE UNDER § 523(a)(5).

## CONCLUSIONS OF LAW

Section 523(a)(5) of the Bankruptcy Code states in pertinent part as follows:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*      \*      \*      \*      \*      \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, . . ."

Section 523(a)(5) makes nondischargeable certain debts owed to a spouse or child. The legislative history indicates that the debtor's assumption of certain joint debts is nondischargeable under § 523(a)(5), as well.

"This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance or support of the spouse, as determined under bankruptcy law considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement."

H.R. Report No. 95–595, 95th Cong., 1st Sess., p. 364 (1977), U.S. Code Cong. & Admin. News 1978, 5787, 6320.

Whether the assumed debts are dischargeable, then, depends on whether payment on such debts is in essence alimony, maintenance or support. However, we must be ever mindful that "... *What constitutes alimony, maintenance or support, will be determined under the bankruptcy laws...*" H.R. Report No. 95–595, 95th Cong., 1st Sess., p. 364 (1977), U.S. Code Cong. & Admin. News 1978, at 6320.

Some courts use a "necessaries" test. That is, if the assumed debts were incurred for "necessaries", payment of such debts constitutes nondischargeable support. *Matter of Steingesser*, 602 F.2d 36 (2nd Cir. 1979); *Poolman v. Poolman*, 289 F.2d 332 (8th Cir. 1961); *In Re Miller*, 8 B.R. 174 (Bkrtcy. N.D. Ohio 1981); *In Re Evans*, 4 B.R. 232 (Bkrtcy. S.D.Ala.1980); *Matter of Smith*, 3 B.R. 224 (Bkrtcy. E.D.Va.1980); *In Re Francisco*, 1 B.R. 565 (Bkrtcy. W.D.Va. 1979); *In Re Baldwin*, 250 F.Supp. 533 (D.C. Neb.1966).

In the instant case, it is impossible to tell what the assumed debts were incurred for. Therefore, this Court does not apply the "necessaries" test to these facts. However, this Court feels compelled to give some consideration to the effect that discharging the defendant results in the plaintiff being solely liable for these debts; coupled with the fact that the plaintiff would be further deprived of future "necessaries".

Other courts use a "time debt was incurred" test. If the debtor assumes current or future debts, the assumption is nondischargeable support. *Matter of Woods*, 561 F.2d 27 (7th Cir. 1977); *In Re Snyder*, 7 B.R. 147 (U.S.D.C.W.D.Va.1980). The assumption of debts incurred in the past is nondischargeable too, if those debts were incurred after the debtor had breached the duty of support. *In Re Netherton*, 2 B.R. 50 (Bkrtcy. M.D.Tenn.1979).

In the instant case, the debtor assumed debts incurred prior to the divorce decree. It is unclear when the debtor breached the duty of support. Therefore, it is difficult to apply the "time debt was incurred" test to these facts.

The third and most commonly used test is the "intent" test. If the parties intended for the debt assumption to constitute alimony, maintenance or support, the courts follow the parties' intent.

The parties' intent can be determined from the four corners of the instrument, when the instrument is unambiguous. *In Re Payne*, C.C.H. ¶ 67997 (D.Nev.1981). Rarely is the instrument so clear, however.

In the instant case, as in most, the instrument is ambiguous. Therefore, the Court must look at extrinsic evidence to determine intent.

Some courts look at the parties' relative incomes to see if the debt assumption was meant to balance a wide disparity in incomes. If so, the debt assumption was meant to be support. *Matter of Woods*, 561 F.2d 27 (7th Cir. 1977); *In Re Daiker*, 5 B.R. 348 (Bkrtcy. D.Minn.1980); *In Re Diers*, 7 B.R. 18, 2 C.B.C.2d 1330 (Bkrtcy. S.D.Ohio 1980); *In Re Sturgell*, C.C.H. ¶ 67701 (S.D.Ohio 1980).

In the instant case, the parties had no wide disparity in incomes. At the time of the divorce, the defendant earned about $1,372.00 per month and the plaintiff earned about $1,200.00 per month. This Court finds that the defendant's assumption of some $11,000.00 in debts and the plaintiff's assumption of some $1,900.00 in debts was not meant to balance the insignificant disparity in their incomes.

Some courts consider the debt assumption alimony, if like alimony, the assumption is conditional on the spouse not dying or remarrying. *In Re Taff*, C.C.H. ¶ 67938 (D.Conn.1981); *In Re Travis*, C.C.H. ¶ 67520 (W.D.Okl.1980); *In Re Snyder*, 7 B.R. 147 (U.S.D.C.W.D.Va.1980). In the instant case, the debt assumption is unconditional. Thus, it does not appear to be disguised alimony.

Some courts consider the adequacy of support absent the debt assumption. *Nitz*

*v. Nitz*, 568 F.2d 148, 3 B.C.D. 1199 (10th Cir. 1977); *In Re Breaux*, C.C.H. ¶ 67766 (W.D.La.1981). If without the debt assumption, the spouse would be inadequately supported, the debt assumption was meant to be support.

In the instant case, plaintiff has an income of about $1,200.00 per month and was awarded $225.00 per month in child support for two children. Plaintiff argued that she waived alimony and accepted less child support than she could have [1] because defendant agreed to assume some $11,000.00 in debts.

This Court finds that absent such debt assumption, plaintiff could not adequately support herself and the children *and* pay $11,000.00 in debts. Therefore, this Court concludes that the parties intended that the debt assumption give plaintiff added economic security by relieving her of those burdensome debts so that she could adequately support herself and the children. The parties intended that the debt assumption constitute support. Therefore, the debtor's assumption of the Beneficial Finance debt is nondischargeable under section 523(a)(5).

THIS MEMORANDUM SHALL CONSTITUTE MY FINDINGS OF FACT AND CONCLUSIONS OF LAW UNDER BANKRUPTCY RULE 752 AND RULE 52(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

---

1. The Johnson County Bar Association Guidelines for Child Support suggest that a non-custodial parent with income of $1200.00–$1399.00 per month, pay $320.00 per month in child support for two children. (Plaintiff's Exhibit # 5).