**In re Douglas Russell PETOSKE, Debtor.**

**Helen PETOSKE, Plaintiff,**

v.

**Douglas Russell PETOSKE, Defendant.**

**Bankruptcy No. 881–80028–20.**
**Adv. No. 881–0332–20.**

United States Bankruptcy Court,
E. D. New York,
at Westbury.

Jan. 12, 1982.

Martin & Moliari by Richard B. Martin, Freeport, N.Y., for plaintiff.

Norman Janowitz, Mineola, N.Y., for defendant.

ROBERT JOHN HALL, Bankruptcy Judge.

Douglas Russell Petoske (the "debtor") and Helen Petoske (the "plaintiff") were

married on October 17, 1975 and divorced on April 3, 1980. The Judgment of Divorce awarded custody of Kristy Anne Petoske, the issue of the marriage, to the plaintiff and ordered the debtor to pay $70 per week in child support. In addition, the Judgment incorporated a Stipulation executed by the plaintiff and debtor on August 21, 1979.

Paragraph 16 of the Stipulation provides that the debtor assumes full responsibility for the following six joint debts of the couple: Mastercharge, Visa, Fortunoff, Sears, J.C. Penney and Macy's.

On January 6, 1981, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 et seq. (Supp. IV 1980), and by an amendment dated April 3, 1981, scheduled the plaintiff as a creditor in the amount of approximately $3,500. Thereafter, on April 29, 1981, the plaintiff commenced this adversary proceeding to have these debts excepted from discharge on the grounds that their assumption was in the nature of alimony, maintenance, or support.

For the reasons stated below, the Court finds for the plaintiff.

### Discussion

Section 523(a)(5) provides in pertinent part:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in

the nature of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5).

■ The legislative history of this section makes it clear that a debtor's assumption of full responsibility for the joint debts of himself and his spouse is nondischargeable to the extent that the agreement is in the nature of alimony, support or maintenance. 124 Cong.Rec. H11,096 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards); id. at S17,412 (daily ed. Oct. 6, 1978) (remarks of Sen. DeConcini). Accordingly, the appropriate inquiry is into the underlying purpose of the assumption: to wit, were the debts assumed in lieu of the payment of alimony or support or only as a means of dividing property. See, e.g., Melichar v. Ost, 661 F.2d 300 (4th Cir. 1981); In re Snyder, 7 B.R. 147 (W.D.Va.1980); In re Golden, 411 F.Supp. 1076 (S.D.N.Y.1976); In re Sturgell, 7 B.R. 59 (Bkrtcy. S.D. Ohio 1980); In re Williams, 3 B.R. 401 (Bkrtcy.N. D.Ga.1980). This inquiry will often take the bankruptcy court beyond the face of any separation agreement or state court judgment, see In re Santangelo, No. 880–06463, slip op. at 4–6 (B.C.E.D.N.Y. July 21, 1981); accord, Poolman v. Poolman, 289 F.2d 332, 335 (8th Cir. 1961) citing Wetmore v. Markoe, 196 U.S. 68, 25 S.Ct. 172, 49 L.Ed. 390 (1904); In re Carrigg, 14 B.R. 658, 661 (Bkrtcy.D.S.C.1981); In re Warner, 5 B.R. 434, 440–41 (Bkrtcy.D.Utah 1980); In re Fox, 5 B.R. 317, 319 (Bkrtcy.N.D.Tex. 1980), and shall be based on federal law, H.R.Rep.No.95–595, 95th Cong., 1st Sess. 364 (1977), reprinted in [1978] U.S.Code Cong. & Ad.News 5787, 5963, 6320; cf In re Spong, 661 F.2d 6, 9 (2d Cir. 1981) (state law relevant, but not controlling).[1]

■ As part of this inquiry, the federal courts have enumerated several factors upon which to test the purpose of these separation agreement provisions. Although no one factor is controlling, In re Fox, 5 B.R. 317, 321 (Bkrtcy.N.D.Tex.1980), these factors include: the nature of the obliga-

---

1. Spong also makes it clear that agreements of this sort are third party beneficiary contracts and not assignments of debts. In re Spong, 661 F.2d at 10. Accordingly, they are "debts to a spouse." Id. at 11.

tion assumed,[2] *In re Spong*, 661 F.2d 6, 9 (2d Cir. 1981) (necessaries indicate alimony or support); *accord, In re Baldwin*, 250 F.Supp. 533, 534 (D.Neb.1966); *In re Miller*, 8 B.R. 174, 176–77 (Bkrtcy.N.D.Ohio 1981); *In re Henry*, 5 B.R. 342 (Bkrtcy.M.D.Fla. 1980), its location in the separation agreement, *In re Santangelo*, slip op. at 6; *accord, In re Maitlen*, 658 F.2d 466, 469 (7th Cir. 1981) (per curiam); *In re Francisco*, 1 B.R. 565, 567–68 (Bkrtcy.W.D.Va.1979), whether a lump sum or terminable periodic payments were provided for, *In re Snyder*, 7 B.R. at 150; *In re Henry*, 5 B.R. at 343, the length of the marriage, *In re Cartner*, 9 B.R. 543, 545, 547 (Bkrtcy.M.D.Ala.1981), whether children resulted which had to be provided for, *In re Maitlen*, 658 F.2d at 469, the relative earning power of the spouses, *Id.; accord, In re Hoover*, 14 B.R. 592, 596 (Bkrtcy.N.D.Ohio 1981); *In re Teter*, 14 B.R. 434, 436 (Bkrtcy.N.D.Tex.1981); *In re Sturgell*, 7 B.R. 59, 62 (Bkrtcy.S.D.Ohio); *In re Fox*, 5 B.R. 317, 320–21 (Bkrtcy.N.D.Tex. 1980); *In re Williams*, 3 B.R. 401 (Bkrtcy.N. D.Ga.1980) the adequacy of support absent the debt assumption, *Nitz v. Nitz*, 568 F.2d 148, 152–53 (10th Cir. 1977); *In re Huggins*, 12 B.R. 850 at 854 (Bkrtcy.D.Kan.1981), and of course, the parties' negotiations and understanding of the provision, *In re Lineberry*, 9 B.R. 700, 705 (Bkrtcy.W.D.Mo. 1981).

Applying the foregoing to the case at bar, the Court notes that the plaintiff testified that she waived her right to alimony in exchange for the debtor's assumption of their joint debts. She stated that this was the understanding under which the Stipulation was negotiated; and that this provision was necessitated by the inadequacy of her income and the child support payments to support herself and her child should she have remained primarily liable on the debts. Transcript at 8. Based on her demeanor, the Court finds her testimony credible and notes that this testimony went essentially uncontroverted by the debtor. Furthermore, this interpretation is bolstered by several of the above enumerated factors.

First, the parties had a disparity of earning power. The testimony established that at the time the Stipulation was executed, the plaintiff was employed as a secretary at a gross income of $150 per week, while the debtor was working for the Long Island Railroad at a gross salary of at least twice that amount (the debtor admitted to a "take home" salary of $220–$230 per week, Transcript at 17) as well as to working a second job "off the books," Transcript at 28–29.

Second, the plaintiff had custody of the couple's infant daughter and was paying $30 per month for child care.

Third, the structure of the Stipulation would indicate that the parties did not envision this provision as simply effectuating a division of property. Paragraph 14 dealt specifically with such division. This provision, on the other hand, was grouped with provisions for the maintenance of life and medical insurance by the debtor and the payment by him of the plaintiff's counsel fees. These latter provisions have been held generally to be in the nature of alimony or support. *See, e.g., In re Spong*, 661 F.2d 6 (2d Cir. 1981); *In re Lineberry*, 9 B.R. 700, 708–09 (Bkrtcy.W.D.Mo.1981).

*Conclusion*

Accordingly, the Court finds that the plaintiff has carried her burden of proof and has established that the debt assumption provision in question was intended to be and actually is in lieu of alimony or support. The fact that the provision may not comport with traditional state law definitions for such payments is of insufficient moment to avoid this conclusion. Consequently, plaintiff is entitled to a judgment declaring the debts excepted from discharge. Settle judgment on five (5) days notice.

---

**2.** The parties offered no evidence as to the nature of the debts assumed.