**In re Richard J. NORFOLK, Debtor.**

**Karen M. PERRY, Plaintiff,**

v.

**Richard J. NORFOLK, Defendant.**

**Bankruptcy Nos. 82–20671, 82–2241A.**

United States Bankruptcy Court,
W.D. New York.

May 9, 1983.

378

John G. Herriman, Canandaigua, N.Y., for defendant.

Lawrence D. Hasseler, Watertown, N.Y., for plaintiff.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The plaintiff and defendant are former spouses. This action by the plaintiff is to recover alimony and or support of children and to have the debts declared nondischargeable. The parties have stipulated as to the facts and filed briefs with regard to the legal problems as they see them.

Both parties are currently remarried. Since the inception of their matrimonial squabbles, they have appeared in State Courts in Jefferson, Oneida and Ontario counties on numerous occasions and are presently before this Court. The arguments have been about the defendant's failure to pay all the obligations he was required to pay by the separation agreement which was later incorporated but never merged into the divorce decree. Various Courts have made decisions in regard to the parties respective rights. If past history of this case is any criteria of future conduct, ours will not be the last Court to attempt to dispose of the numerous disputes between the parties.

Many of the claims in this case may be determined without further recourse to State Court. Justice Balio of the Supreme Court of the State of New York sitting at a Special Term in Utica, New York on February 1, 1982 awarded the plaintiff herein a judgment for child support for the period April 25, 1980 through July 3, 1980 and for the four weeks of September, 1981. This Court is collaterally estopped from changing this judgment and it falls clearly within the purview of 11 U.S.C. 523(a)(5) and is not dischargeable.

Next, the plaintiff herein is seeking judgment against the defendant for a $1,000 which represents balance of the bank account which was to be turned over to her in accordance with paragraph 11 of the Separation Agreement. This paragraph, entitled Division and Distribution of Personal Property, provides a car to the husband and a car, furniture and this bank account to the wife. Justice Balio found that paragraph 11 does not direct payment of money but merely transfers title and possession to property. The Court held that the plaintiff could not get relief under New York State Domestic Relation Law (hereinafter referred to as DRL). Section 244, which provides for enforcement of a divorce decree by execution of judgment or order. He held that there was no allegation by the wife that the agreed transfer had not occurred. Justice Balio denied the petition without prejudice to a suit under the separation agreement by means of a plenary action based in contract. Therefore, it appears whether plaintiff's right to the $1,000 is enforceable or not in a plenary action, the bank account was part of the assets being divided by the Separation Agreement and not alimony or support. Therefore, this obligation is dischargeable because it is in the nature of a property settlement.

The next question to be considered is whether the reinstatement of life insurance policies payable on the husband's death to his spouse who has remarried is in the nature of alimony and support. Justice Balio denied this relief to the plaintiff without prejudice stating it must be sought in a plenary action for breach of the Separation Agreement. Section 248 of DRL requires a Court, on application, to modify the final judgment of divorce annulling provisions for support of a former spouse on proof of marriage of that spouse. No application

has been made by the husband to modify the support decree. However, the statute shows that there is no legal entitlement to support of a spouse after remarriage, but as noted by Justice Balio, there may be a contractual right. In this case, Paragraph 13 of the Separation Agreement pro-vides for two $5,000 insurance policies naming the wife as beneficiary, and two trust agreements for the benefit of the children. No action has been brought with respect to the agreements in favor of the children. In the face of the clear language in the Separation Agreement, it cannot be said that the policies are for the benefit of the children. The wife, because of her remarriage, no longer has an insurable interest in the husband. The husband has defaulted on the policies since April 25, 1980. The payment of premiums on the insurance policies might have been in the nature of support until the wife's remarriage. See *In re Petoske,* 16 B.R. 412, 414 (Bkrtcy.E.D.N.Y.1982); *In re Lineberry,* 9 B.R. 700, 708–09 (Bkrtcy.W.D. Mo.1981). However, the debtor's payments of these premiums will not serve her past support needs since he did not die during that period and there is no current right to support because of the wife's remarriage. Therefore, the default in insurance premiums was not in the nature of support arrears. They are rather a default of an ordinary contractual obligation and are dischargeable.

The plaintiff also objects to discharge in this case under 11 U.S.C. 523(a)(6) for willful and malicious injury by the debtor to the plaintiff and her property. This is an issue within the exclusive jurisdiction of the Bankruptcy Court under 11 U.S.C. 523(c), and objection must be posed prior to discharge. The plaintiff has asked for $10,-000 in punitive damages in the State Supreme Court case because the defendant has not paid support since April 25, 1980 and because he received money for the sale of realty of which he did not advise the Family Court.

In one of the earlier actions brought, Justice Balio found that the debtor did not willfully refuse or fail to abide by the provisions of the divorce decree and awarded no interest because of this. The Court found no willfulness in light of a 1980 Family Court order directing no child support because of the debtor's unemployment and because prior to his unemployment, the debtor was not in default in support payments. The facts of this case do not support a finding that the debtor has willfully or mali-ciously injured the debtor or her property. Failure to pay is not willful or malicious injury, otherwise all debtors would be subject to exception to discharge.

The other questions raised in this matter are the arrears for child support between April 25, 1980 and September 1, 1981 arising in contract and excused by Justice Balio and attorney's fees, if any, to be awarded under § 237 DRL or under the Separation Agreement. Facts have not been presented to this Court to decide these questions. The automatic stay provisions under 11 U.S.C. 362 do not include an action for the collection of alimony, maintenance or support from property that is not the property of the estate [11 U.S.C. 362(b)(2) ], and the State Court can decide these issues of non-dischargeability. Therefore, the litigants, herein, can argue these matters when next they appear before a State Court.

In conclusion, the Court holds that the judgment for $1,116 is in the nature of child support and is not dischargeable; the $1,000 savings account debt was a property settlement and is dischargeable; the life insurance policy debt is not support and is dischargeable; all child support found to be owing in the State Court or under the Separation Agreement and actually in the nature of support is not dischargeable; and no obligation is excepted from discharge because of willful or malicious injury. The remaining items must await decision in the State Court before a determination of dischargeability is made and the State Court may decide the issue and it is so ordered.