**In re Debora A. MALLIN, Debtor.**

**Christopher J. MALLIN, Plaintiff,**

**v.**

**Debora A. MALLIN, Defendant.**

**Bankruptcy No. B90–15933.**
**Adv. No. B91–1150.**

United States Bankruptcy Court,
N.D. Ohio, E.D.

March 12, 1992.

Lee R. Kravitz, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Before the Court is the complaint for determination of dischargeability filed by Plaintiff, Christopher J. Mallin, the answer and counterclaim filed by Defendant–Debtor, Debora A. Mallin, and Plaintiff's response to the counterclaim. Plaintiff, Mildred Mallin, was dismissed from this action by order dated September 3, 1991. This matter is a core proceeding within the jurisdiction of the Court and has been submitted for determination on stipulations and briefs by agreement of the parties. 28 U.S.C. §§ 1334(a), (b), 157(b)(2)(I).

Stipulations are as follows:—

"1.) Plaintiff and Defendant were married on April 16, 1977.

2.) Plaintiff and Defendant purchased a single family residence located at 5439 Fenlake Road, Bedford Heights, Ohio on Au-

gust 2, 1977, taking title to said real estate as tenants by entireties. At the time of the purchase, Plaintiff and Defendant borrowed the sum of Thirteen Thousand Dollars ($13,000.00) from Mildred Mallin and executed a Promissory Note providing for repayment with interest at a rate of eight percent (8%) per annum and furthermore executed a mortgage on said real estate securing the note which was duly recorded on August 3, 1977.

3.) Plaintiff is an attorney licensed to practice in the State of Ohio since 1974; a real estate broker and investor; and a Phi Beta Kappa graduate with multiple skills and occupations.

4.) Defendant is a school teacher in the Bedford school system and a city council member.

5.) In 1983, a third-party creditor filed a foreclosure action upon said real estate against the Plaintiff and Defendant in the Cuyahoga County Court of Common Pleas, Case No. 83–061616.

6.) Mildred Mallin, the mother of Plaintiff Christopher J. Mallin, was referred by Christopher J. Mallin to John Cartellone, attorney at law, a friend of Christopher J. Mallin, who filed an Answer and Cross–Claim on behalf of Mildred Mallin in the third-party foreclosure for which judgment was rendered in her favor against Debora A. Mallin and Christopher J. Mallin in the amount of Twenty Thousand Nine Hundred Seventy-five Dollars and Fifty-three Cents ($20,975.53), plus interest at a rate of Four Dollars and Sixty-six Cents ($4.66) per diem from July 30, 1983, the said judgment having been rendered on December 23, 1987 as appears by Amended Partial Judgment Entry at Civil Journal Volume 1008, Page 472, a copy of which is attached hereto as Exhibit "A".

7.) No payments were made by any party on the obligation to Mildred Mallin described in paragraph two (2) hereof after the filing of foreclosure action 83–061616.

8.) The balance due on the said obligation to Mildred Mallin as of the date of the filing of the Debtor's Petition is $32,515.59.

9.) In November, 1990, Mildred Mallin attempted to execute on her judgment against Debora A. Mallin through a garnishment proceeding and furthermore, with the assistance of Christopher J. Mallin, did file a Certificate for Lien on January 6, 1988, a copy of which is attached hereto and made a part hereof marked Exhibit "C".

10.) On November 3, 1986, Debora A. Mallin filed a divorce action against Christopher J. Mallin in Cuyahoga County Common Pleas Court, Division of Domestic Relations, Case No. 86 D–173948.

11.) After the divorce filing of November, 1986, Defendant Debora Mallin was separately represented in foreclosure case number 83–061616 by attorney John D. Sutula, and Plaintiff Christopher J. Mallin appeared in the foreclosure case pro se.

12.) On June 13, 1988, Gerald E. Fuerst, Clerk of Courts, received for filing a Judgment Entry granting a divorce to Debora A. Mallin.

13.) The Judgment Entry of the Domestic Relations Court, a copy of which is attached hereto and made a part hereof marked Exhibit "D" sets forth numerous findings of fact which are stipulated to and which have not been overturned on appeal and are conclusive as to numerous factual issues necessary for this Court to make a determination as to the dischargeability of the debt in question under the provisions of 11 U.S.C. Section 523(a)(5)."

Pursuant to the Stipulations, this Court recognizes and adopts the findings of the Domestic Relations Court, Cuyahoga County, Ohio insofar as they are relevant to the issue of dischargeability. These findings are contained in Exhibit D, the Judgment Entry of Divorce on June 13, 1988. With Reference to Exhibit D, this Court finds as follows:—

14.) Defendant–Debtor was granted a divorce on grounds of extreme cruelty and gross neglect of duty. Plaintiff's counterclaim for divorce was dismissed with prejudice. (J.E. pp. 271, 272, 296, 297). The entry indicates Plaintiff's behavior was erratic and abusive. His concealment and

manipulation of financial matters adversely affected the family.

15.) Defendant was granted sole custody of the couple's three children who were 9, 6 and 5 years of age, subject to Plaintiff's right of visitation. (J.E. pp. 274, 297).

16.) Provisions for support of the children are discussed under a section of the entry entitled "Child Support." Plaintiff is required to pay $40.00/week per child as his contribution to their support. Defendant is required to provide insurance coverage for the children's medical, dental, optical and prescription needs through her employment plan. Plaintiff is responsible for such expenses not covered by insurance. (J.E. pp. 276, 298).

17.) The parties' earning abilities, individual assets, marital assets and expenses are extensively discussed in the entry under a section entitled "Alimony: Support and Property Division." (J.E. pp. 276–293). In this discussion the court concluded Plaintiff "had unilaterally led his family into this financial abyss and in light of his many credentials and skills, he should be responsible for most of the resulting family debt." (J.E. p. 281). It noted that the usual financial difficulties encountered in divorces were exacerbated in this case by Plaintiff's prolonged failure to pay the mortgage on the marital residence by his spending choices and by his incurrence of additional debt without regard to his ability to pay.

a) "Neither party should pay periodic support alimony to the other." (J.E. pp. 281, 298). This determination was based on several considerations. The court found the parties to be of comparable age and health. Defendant earned her living holding two jobs, as a full time teacher and city council member. Plaintiff's earning ability as a licensed attorney, real estate broker and investor were found to equal or exceed Defendant's ability to earn. (J.E. pp. 277–280). The court noted Plaintiff's multiple skills and areas of expertise and concluded his actual earnings were not determinative of his earning abilities but rather reflected a voluntary reduction. (J.E. pp. 278–280). Moreover, the court determined Defendant did not have sufficient income to meet her own and the children's reasonable expenses. Plaintiff's legitimate expenses were found to be less than ½ the Defendant's. (J.E. p. 280).

b) The parties' assets and liabilities were considered. Personal property was divided on a relatively equal basis and the parties retained their respective retirement accounts. These awards are classified "as alimony, division of property" pursuant to the entry. (J.E. pp. 280–283, 298–299). Liabilities unrelated to the parties' real estate were divided on an equal basis as well. Each party was required to pay approximately $6,000.00 on such debt and to hold the other party harmless thereon. These provisions are made "as alimony" pursuant to the entry. (J.E. pp. 281–283, 299–300). "As further alimony" Plaintiff was required to pay $15,000.00 to Defendant as his contribution to her attorney fees. (J.E. pp. 296, 300).

c) The marital residence located at 5439 Fenlake Road, Bedford Heights, Ohio was awarded to the Defendant. "Although there is no equity in the marital residence, (Plaintiff's) interest in it is awarded to (Defendant) so that she can if possible maintain continuity of residence for the minor children." (J.E. pp. 285–298). Retention of the residence was intended for the children's best interests and was tied to Defendant's continuing residency requirements as a city council member. (J.E. p. 285). Defendant was also awarded additional parcels of real estate. The awards of real estate are characterized as "alimony, division of property" in the decree. (J.E. pp. 283–293, 298).

d) The marital residence was encumbered by a first mortgage arrearage, and a balance due to Third Federal Savings and Loan, and by a second mortgage held by Mildred Mallin, the Plaintiff's mother. Foreclosure proceedings commenced by Third Federal were pending on the date of the entry. Pursuant to the entry, Defendant was required to list for sale the nonresidential real estate awarded to her forthwith. Net proceeds of the sales were to be applied to the first and second mortgage on

the residence until the obligations were fully satisfied. Net proceeds remaining, if any, were to be divided equally between the parties. If the proceeds of the sales were insufficient to satisfy the mortgages, the balances due were to be the Defendant's sole responsibility and she was to hold the Plaintiff harmless thereon. (J.E. pp. 283–288, 300–301). Plaintiff was required to pay and hold Defendant harmless on any existing lien on the marital property arising out of his business or due to an individual named Gary Koryta. This obligation was characterized as "alimony." (J.E. pp. 299–300). It was imposed to protect the value of the marital property awarded to Defendant. (J.E. p. 284).

e) Plaintiff was awarded Defendant's interest in several parcels of real estate. He was also awarded his interest in S and M Properties, Highland Investment Ltd., R.M. Properties, Warsawa Properties Ltd. and his real estate and law practice. These awards were characterized as "alimony, division of property". (J.E. pp. 278, 298–299).

## DISCUSSION:

### COMPLAINT

Plaintiff asserts Defendant–Debtor's obligation to hold him harmless on debt secured by the second mortgage on his former marital residence is non-dischargeable pursuant to Section 523(a)(5) of the Bankruptcy Code. 11 U.S.C. § 523(a)(5). The second mortgage held by Plaintiff's mother was reduced to judgment. By complaint Plaintiff asserts this hold harmless provision is non-dischargeable as alimony. His brief suggests the provision was intended as child support and is, therefore, non-dischargeable. Defendant challenges these characterizations of the provision and asserts a counterclaim alleging the complaint was filed in bad faith and for purpose of harassment. An award of reasonable attorney fees and costs is requested.

 Section 523(a)(5), in relevant part, excludes from discharge debts:—

"to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ..."

11 U.S.C. § 523(a)(5)

Under this section, hold harmless provisions, requiring a debtor to assume marital debt as part of a divorce decree, must actually be in the nature of alimony, maintenance or support to be excepted from discharge. Federal bankruptcy law controls this determination. *Long v. Calhoun*, 715 F.2d 1103 (6th Cir.1983). Reference to state law, however, can provide guidance in characterizing the debt. *Calhoun*. Moreover, the state court's intent in creating the obligation is relevant in determining whether an obligation is in the nature of alimony, maintenance or support. If that court did not intend to provide for support through the assumption of joint debts, the obligation is dischargeable. *Calhoun*.

 Bankruptcy courts may consider any relevant evidence in determining whether the state court intended to create an obligation to provide support through the assumption of joint debts. *Calhoun*. Courts have cited various factors as indicia of the nature of an obligation. In *Petoske v. Petoske*, 16 B.R. 412 (Bankr.E.D.N.Y. 1982), the court provided an extensive list of factors including the nature of the obligation to be assumed, is it for necessaries, its location in the entry, whether a lump sum or periodic payments were provided, the marital and family circumstances, the parties' relative earning power and the adequacy of support absent the provision. Characterization of the obligation by the state court is also a relevant consideration. *Tilley v. Jessee*, 789 F.2d 1074 (4th Cir. 1986).

 Defendant was awarded a divorce based on Plaintiff's cruelty and neglect of

duty. His mismanagement of the family's financial affairs was noted by the domestic relations court in holding him responsible for most of the resulting family debt. Defendant was granted custody of the couple's children and child support payments were imposed on the Plaintiff. The parties' relative earning powers were discussed and it was concluded Plaintiff had a greater earning capacity and his legitimate expenses were less. No periodic support payments were imposed. Defendant was, however, awarded the marital residence and additional parcels of real estate. The residence was severely encumbered but, if possible, she was to maintain continuity of residence for herself and the children by selling the additional parcels. Ultimately, if there were net proceeds they were to be split between the parties. If, ultimately, there was a balance due she was required to hold him harmless on the second mortgage. The award of real estate to Defendant was characterized as "alimony, division of property." Plaintiff's obligation to hold Defendant harmless on debts due to Gary Koryta and to pay any existing liens arising from his business with respect to the marital property was imposed "as alimony."

Consideration of the facts leads to the inescapable conclusion the disputed obligation was not intended to provide alimony, maintenance or support. The marital and family circumstances, the parties' earning capacities and expenses and the custody award negate such characterization. The obligation was imposed in conjunction with the division of property. It is not characterized as alimony or support, nor would it fulfill that purpose. The entry is replete with indications the domestic relations court intended to require Plaintiff to assume the bulk of the marital debt due to his inappropriate and misguided actions. It is patently inconceivable that Defendant's duty to ultimately hold him harmless on the second mortgage on her and the children's residence can be construed as in the nature of alimony, maintenance or support. The obligation is dischargeable pursuant to Section 523(a)(5) of the Bankruptcy Code. 11

U.S.C. § 523(a)(5). Defendant is entitled to judgment on the complaint.

Plaintiff cited *Farrey v. Sanderfoot*, 500 U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), as being dispositive in this action. That case, however, dealt exclusively with avoidance of judicial liens pursuant to Section 522(f)(1) of the Bankruptcy Code. 11 U.S.C. § 522(f)(1). The discussion and holding therein are inapplicable and irrelevant to the within cause.

### COUNTERCLAIM

■ Defendant requested judgment awarding reasonable attorney fees and costs predicated on Plaintiff's filing this action in bad faith and for purposes of harassment. No statutory basis is indicated for this request which Plaintiff opposes. Although the complaint seeks determination on non-dischargeability of an obligation clearly and conclusively not in the nature of alimony, maintenance or support, there is no factual basis to conclude the filing was in bad faith or to harass the Defendant. Submitting this adversary proceeding on stipulations and briefs precludes such finding. Defendant's counterclaim is, therefore, dismissed.

### JUDGMENT

For reasons stated in the Memorandum of Opinion and Decision filed contemporaneously with this Judgment,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant is granted judgment on the complaint. Her obligation to hold Plaintiff harmless on the second mortgage on property located at 5439 Fenlake Road, Bedford Heights, Ohio held by Mildred Mallin imposed pursuant to the couple's divorce decree is a dischargeable debt pursuant to 11 U.S.C. § 523(a)(5).

IT IS FURTHER ORDERED that Defendant's counterclaim for costs and attorney fees in this proceeding is dismissed.