In re David J. SEMLER, Debtor.

Patricia Driscoll SEMLER, Plaintiff,

v.

David J. SEMLER, Defendant.

Bankruptcy No. B91–11987.
Adv. No. B92–1250.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Oct. 28, 1992.

Thomas P. Gill, Cleveland, Ohio, for plaintiff.

Patrick M. Farrell, Hildebrand, Williams & Farrell, Fairview Park, Ohio, for defendant.

## MEMORANDUM OF OPINION AND DECISION

WILLIAM J. O'NEILL, Bankruptcy Judge.

Plaintiff, Patricia Driscoll Semler, filed a complaint for determination of non-dischargeability pursuant to Section 523(a)(5) of the United States Bankruptcy Code. Defendant–Debtor, David J. Semler, filed his answer and motion for judgment. This matter is a core proceeding within the jurisdiction of the Court. 28 U.S.C. §§ 1334, 157(a), (b)(2)(I), General Order No. 84 entered on July 16, 1984 by the United States Court for the Northern District of Ohio.

The parties submitted the proceeding on stipulations and briefs. Stipulated facts in Plaintiff's Proposed Agreed Statement of Facts and reiterated in Defendant–Debtor's Motion for Judgment are as follows:—

"1. Debtor David Semler and new creditor Patricia Driscoll Semler were husband

and wife, having married at Avon Lake, Ohio on January 30, 1988.

2. Due to irreconcilable differences that arose between Debtor and new creditor, their marriage was dissolved by the Court of Common Pleas, Division of Domestic Relations, Cuyahoga County, Ohio on or about February 8, 1990 in Case Number 89 D 199169.

3. During the course of the marriage debtor and new creditor incurred debts in the approximate amount of $10,700.00.

4. Pursuant to the terms of their Dissolution of Marriage and the Order of the Court of Common Pleas, Division of Domestic Relations, New Creditor Patricia Driscoll Semler paid to debtor David J. Semler the sum of $3,000.00 and David J. Semler was to pay off the debts of the marriage and hold harmless and indemnify new creditor on same. (See Page 3, Paragraph 3 of the parties' Separation Agreement attached hereto as Exhibit A)

5. One of the debts of the marriage which debtor was required to pay off was an Ohio Savings Bank Joint Signatory Loan with an approximate loan balance of approximately $2,703.00 at the time of divorce.

6. Debtor David Semler failed to pay off said balance on the Ohio Savings Bank Joint Account and failed to hold harmless and indemnify new creditor Patricia Driscoll Semler on same despite having accepted new creditor's check in the amount of $3,000.00 as called for in the Dissolution of Marriage proceeding.

7. On or about August 16, 1992 Ohio Savings Bank sued new creditor Patricia Driscoll Semler in the Cleveland Municipal Court on said outstanding account (copy of Complaint attached hereto as Exhibit B).

8. On or about September 10, 1992 new creditor Patricia Driscoll Semler filed her answer and Third Party Complaint against debtor David J. Semler for his failure to honor the obligations of the Decree of Dissolution of Marriage. (Copy of Answer and Third Party Complaint attached hereto as Exhibit C)

9. Case No. 91 CVF 21373 styled *Ohio Savings Bank vs. Patricia Semler, et al.* is still pending before the Cleveland Municipal Court awaiting a determination from this Court as to whether or not this debt is dischargeable as to new creditor Patricia Driscoll Semler in this bankruptcy proceeding.

10. New creditor Patricia Driscoll Semler submits that the obligation of debtor to her and Ohio Savings Bank is not dischargeable in bankruptcy under the existing circumstances as set forth. Debtor David J. Semler claims that said obligation is dischargeable."

On consideration of the file and exhibits in conjunction with the stipulations, the Court further finds:—

11. The Decree of Dissolution entered by Domestic Relations Court incorporates the parties' Separation Agreement. (Exhibit A). The Agreement indicates it represents the entire understanding of the parties and is intended to release each party from any right of the other to, inter alia, present and future care, maintenance and support and division of property in the estate of the other and to settle these matters finally and completely.

12. The Separation Agreement states the parties were married approximately two years prior to the dissolution and have no children. The agreement provides for separation and divides their property. There are no specific provisions for payment of alimony, maintenance or support. Each party was represented by legal counsel and was responsible for payment of their respective legal fees.

13. Debts incurred during the marriage are the subject of Section 3 of the Agreement which provides as follows:

"3. *DEBTS*

During the marriage and up until the time of separation the parties incurred the following debts:

| | | |
|---|---|---|
| a. | Ohio Savings Bank joint signatory loan balance approximately | $ 2,703.00 |
| b. | Citibank Visa Credit Card account in Husband's name with an approximate balance of | $ 3,690.00 |
| c. | Citibank Visa Preferred Credit card with approximate balance of | $ 4,398.00 |
| | | $10,791.00 |

The Husband has taken out a debt consolidation loan for the purpose of paying off these outstanding financial obligations.

The Wife shall pay to the Husband the sum of $3,000.00 toward her financial obligation on these outstanding debts. The Husband shall, in turn, pay off the outstanding financial obligations and hold harmless and indemnify the Wife on same."

14. David Semler filed a petition under Chapter 7 of the United States Bankruptcy Code on April 8, 1991. Plaintiff, Patricia Semler, is scheduled as a creditor for $10,-791.00 set forth in amended schedules filed February 20, 1992.

■ Section 523(a)(5), in relevant part, excludes from discharge debts:—

"to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ..."

11 U.S.C. § 523(a)(5)

Hold harmless provisions requiring a debtor to assume marital debt and hold a spouse harmless thereon, imposed by a separation agreement or divorce decree, must actually be in the nature of alimony, maintenance or support to be excepted from discharge. Federal bankruptcy law controls determination characterizing the obligation. *Long v. Calhoun*, 715 F.2d 1103 (6th Cir.1983). Reference to state law, however, can provide guidance for the characterization. *Calhoun.* Moreover, intent of the state court or the parties is relevant in determining whether an obligation is in the nature of alimony, maintenance or support. If the intent was not to provide for support through assumption of joint debts, the obligation is dischargeable. *Calhoun.*

■ Any relevant evidence may be considered in determining whether the state court or the parties intended to create an obligation for support through assumption of joint debts. Courts have cited various factors as indicia of the nature of an obligation. In *Petoske v. Petoske*, 16 B.R. 412 (Bankr.E.D.N.Y.1982) the court provided an extensive list of factors to consider including the nature of the obligation to be assumed, is it for necessities, its location in the entry, whether lump sum or periodic payments were provided, marital and family circumstances, parties' relative earning power and the adequacy of support absent the provision. Characterization of the obligation in the entry is also a relevant consideration. *Tilley v. Jessee*, 789 F.2d 1074 (4th Cir.1986).

■ The parties filed an action to dissolve their marriage. Their Separation Agreement was incorporated by Domestic Relations Court into its Decree of Dissolution. The parties' intent concerning the disputed assumption of debts and hold harmless provision is, therefore, relevant. Considering the relevant factors in light of the stipulated evidence, it is clear the provision was not intended to provide alimony,

maintenance or support. The marriage of short duration produced no children which reflects little need for support provisions. The agreement was negotiated by parties represented by legal counsel and the debt assumption is not styled as support. The obligation appears in a section of the Separation Agreement entitled "Debts". Plaintiff was to pay $3,000.00 to Defendant–Debtor who agreed to assume $10,700.00 in marital debts. This arrangement denotes settlement of the parties' property interests. In addition, there is no evidence of marital or family circumstances, or disparity in the parties' relative earning power to indicate or require necessity for support payments. Under these circumstances, the obligation to assume debts and hold harmless is a dischargeable debt.

## CONCLUSION

Defendant–Debtor's obligation to assume debts and hold Plaintiff harmless thereon imposed by the parties' Decree of Dissolution of their marriage is a dischargeable debt pursuant to 11 U.S.C. § 523(a)(5).

## JUDGMENT

For reasons stated in the Memorandum of Opinion and Decision filed contemporaneously with this Judgment,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant is granted judgment on the complaint. His obligation to assume marital debts and hold Plaintiff harmless thereon, as stated in the parties' Decree of Dissolution of marriage entered February 8, 1990 by Cuyahoga County, Ohio Domestic Relations Court in Case No. 89 D 199169, is a dischargeable debt pursuant to 11 U.S.C. § 523(a)(5). Accordingly, Defendant's motion to discharge debt is granted.