## In re WEITZEN.

District Court, S. D. New York.
May 2, 1933.

Max F. Finkelstein, of New York City, for Independent Ice Co.

Abraham Greenberg, of New York City, for bankrupt.

CAFFEY, District Judge.

The agreement to waive the benefit of bankruptcy is unenforceable. To sustain a contractual obligation of this character would frustrate the object of the Bankruptcy Act, particularly of section 17 (11 USCA § 35). This was held by the Supreme Judicial Court of Massachusetts, Federal Nat. Bank v. Koppel, 253 Mass. 157, 148 N. E. 379, 380, 40 A. L. R. 1443, where it was said: "It would be repugnant to the purpose of the Bankruptcy Act to permit the circumvention of its object by the simple device of a clause in the agreement, out of which the provable debt springs, stipulating that a discharge in bankruptcy will not be pleaded by the debtor. The Bankruptcy Act would in the natural course of business be nullified in the

vast majority of debts arising out of contracts, if this were permissible. It would be vain to enact a bankruptcy law with all its elaborate machinery for settlement of the estates of bankrupt debtors, which could so easily be rendered of no effect. The bar of the discharge under the terms of the Bankruptcy Act is not restricted to those instances where the debtor has not waived his right to plead it. It is universal and unqualified in terms. It affects all debts within the scope of its words. It would be contrary to the letter of section 17 of the Bankruptcy Act as we interpret it to uphold the waiver embodied in this note. So to do would be incompatible with the spirit of that section. Its aim would largely be defeated."

There are other grounds for sustaining the action of the referee, but the one mentioned is enough.

Confirmed.