In re Robert Leroy MILLER, Debtor.

Robert Leroy MILLER, Plaintiff-Debtor,

v.

BANKERS GUARANTEE TITLE AND TRUST COMPANY, Ms. Lorraine E. Miller, Veteran's Administration, The Peoples-Merchants Trust Company, Mastercharge, M. O'Neil's Company, The Standard Oil Company, Defendants.

Bankruptcy No. 580–942.
Adv. No. 580–0190.

United States Bankruptcy Court,
N. D. Ohio.

Jan. 12, 1981.

Gregory A. Thompson, Akron, Ohio, for plaintiff-debtor.

Morris H. Tass, Cuyahoga Falls, Ohio, for Lorraine Miller.

William W. Emley, Canton, Ohio, for Peoples-Merchants Trust Co.

Jacob L. Reich, for Lorraine Miller.

## FINDING AS TO DISCHARGEABILITY

H. F. WHITE, Bankruptcy Judge.

A voluntary petition under chapter 7 of the Bankruptcy Code was filed by Robert Leroy Miller, hereinafter referred to as debtor, on June 27, 1980.

A complaint for determination of dischargeability of debts under 11 U.S.C. § 523(a)(5) was filed by the debtor on August 8, 1980.

A motion for summary judgment was filed by Lorraine E. Miller, debtor's ex-wife, on September 4, 1980 and was withdrawn on October 14, 1980.

An answer to said complaint was filed by Lorraine Miller on October 7, 1980.

An answer to said Complaint was filed by Peoples Merchants Trust Co., nka Ameritrust Company of Stark County on September 5, 1980.

A stipulation of facts between debtor and his ex-wife was filed on November 3, 1980.

### FINDING OF FACT

1. Debtor and his ex-wife were granted a divorce by the Domestic Relations Court of Summit County Ohio on January 28, 1979.

2. The divorce decree provided that the separation agreement, entered into by the debtor and his ex-wife, was adopted as the order of the Domestic Relations Court of Summit County, Ohio.

3. Debtor's ex-wife was granted custody of their daughter.

4. Pursuant to paragraph 6 of the Separation Agreement, debtor quit-claimed his interest in the residential real estate, owned by debtor and his ex-wife, to his ex-wife subject to the existing indebtedness to Bankers Guarantee Title & Trust Company. Debtor's ex-wife assumed the mortgage and agreed to pay Bankers Guarantee Title & Trust Company and has been making payments to date.

5. Pursuant to paragraph 8 of the Separation Agreement, debtor agreed to pay to his ex-wife as and for child support the sum of $275.00 per month until the child reaches the age of 18 years or is otherwise emancipated. Debtor is current on his monthly child support payments.

6. Pursuant to paragraphs 9 and 10 of the Separation Agreement respectively, debtor agreed to maintain a hospitalization insurance policy covering his minor daughter; to pay all extraordinary medical expenses; and to carry life insurance, naming minor daughter as beneficiary.

7. Pursuant to paragraph 11 of the Separation Agreement, debtor agreed to pay ex-wife as and for temporary alimony the sum of $400.00 per month for 36 months commencing January 1, 1979. These payments are not in dispute as alimony payments for the support of the ex-wife.

8. Pursuant to paragraph 12 of the Separation Agreement, debtor agreed to assume and hold his ex-wife harmless from the obligations to the Firestone Bank in the approximate amount of $4,000.00 on the Dodge Ram Charger, to Peoples Merchants Bank of approximately $6,100.00 on the Prowler Travel Trailer, and agreed to pay all other common debts incurred prior to the institution of the divorce proceedings on October 28, 1978 except for mortgage on real estate.

9. The obligation to Firestone Bank on the Dodge Ram Charger was paid off by the debtor.

10. The Prowler Travel Trailer was abandoned, with the approval of the trustee and debtor's attorney, to Ameritrust Company of Stark County fka The Peoples-Merchants Trust Co. on August 12, 1980 and there remains a deficiency of $2,116.82.

11. The "other common debts incurred prior to the institution of the divorce proceedings on October 28, 1978" the debtor agreed to hold ex-wife harmless on pursuant to paragraph 12 of the Separation Agreement are: Master Charge for purchases of general merchandise and cash advances—$1,519.81; M. O'Neil Company for

purchases of general merchandise—$185.66; and the Standard Oil Company for gasoline charge card purchases which appear to be $34.14.

## ISSUE

Are the debts the debtor agreed to pay pursuant to the "hold harmless" clause of paragraph 12 of the Separation Agreement excepted from discharge, under 11 U.S.C. § 523(a)(5), as debts due "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement"?

## DISCUSSION OF LAW

Bankruptcy Law, rather than state law, applies in determining what is alimony, maintenance, or support for purpose of determining the nondischargeability of the debts involved. H.R.Rep.No.595, 95th Cong. 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts are nondischargeable to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations.

Under former Section 17(a)(7) of the Bankruptcy Act of 1898 as amended, there was considerable litigation as to what constituted alimony and support and in *In re Waller*, 494 F.2d 447 (6th Cir. 1974) it was determined that state law would apply.

However, when Congress enacted 11 U.S.C. § 523(a)(5) it specifically intended to make nondischargeable only alimony and support payments owed directly to a spouse or to dependents. Thus such cases as *Waller* are over-ruled and the results achieved in such cases as *Fife v. Fife*, 1 Utah 2d 281, 265 P.2d 642 (1952) are to be followed. See *Collier on Bankruptcy*, 15th Ed., Vol. 3, Section 523.15, page 523–108.

The Bankruptcy Court will determine whether the obligations imposed under the

"hold harmless" clause arose from a legal duty of support and were awarded in discharge of duty. *In re Warner,* 5 B.R. 434 at 440 (Bkrtcy.D. Utah, 1980). In determining whether the basis of a "hold harmless" agreement was the obligation of support, the Bankruptcy Court should consider the substance of the underlying debts; specifically, whether the debts represent property or services necessary for the maintenance of the spouse or children.

In the instant case, there was no evidence that the obligations imposed upon the debtor under the "hold harmless" agreement represent property or services necessary for the maintenance and support of debtor's ex-wife or debtor's child. The travel trailer, on which the debtor was to pay $6,100.00 to Peoples Merchants Bank, nka AmeriTrust Company of Stark County, is not property necessary for the maintenance of debtor's ex-wife or debtor's child. Similarly, the general merchandise and gasoline purchases underlying the debts to Mastercharge, M. O'Neil's Company, and the Standard Oil Company do not represent property or services necessary for the maintenance of debtor's ex-wife or debtor's child.

The debtor herein is paying $275.00 per month child support and $400.00 per month temporary alimony. This court finds that the debtor's child support and alimony obligations arose from debtor's legal duty of support to his child and ex-wife and were awarded by the Domestic Relations Court in discharge of that duty. Thus, the debts for child support and temporary alimony are not dischargeable in bankruptcy.

The intent of Congress in excepting debts to spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of, the spouse or child, under 11 U.S.C. § 523(a)(5), was to insure that the debtor's dependents would not be left destitute by the debtor's discharge in bankruptcy. In the instant case, the child support and alimony payments, which the debtor is current on paying and which the debtor is not disputing are nondischargeable, will insure that the debtor's dependents are not left destitute by the debtor's discharge in bankruptcy.

Therefore, it is the conclusion of this court that the "hold harmless" provision in the Separation Agreement is not in the nature of support or alimony, but is in the nature of a property settlement which is dischargeable in bankruptcy.