**In re Leonard James GEORGE, Jr., Debtor.**

**Jean WATROUS, aka Jean George, Plaintiff,**

v.

**Leonard James GEORGE, Jr., Debtor-Defendant.**

**Bankruptcy No. 580–1443.
Adv. No. 580–0415.**

United States Bankruptcy Court, N. D. Ohio.

Nov. 13, 1981.

M. Gary Rosenblithe, Akron, Ohio, for debtor-defendant.

Jane E. Bond, Akron, Ohio, for plaintiff.

## FINDING AS TO DISCHARGEABILITY OF DEBT

H. F. WHITE, Bankruptcy Judge.

The debtor, Leonard James George, Jr., hereinafter referred to as debtor, filed a voluntary petition in bankruptcy and Jean Watrous, former wife of the debtor, was scheduled as a creditor in said proceedings.

On November 12, 1980 a complaint was filed to determine the dischargeability of debts in which said plaintiff alleged that five debts duly scheduled on Schedule A–3 of the debtor's petition were joint obligations incurred during their marriage and pursuant to the Separation Agreement, which was incorporated into the Decree of Dissolution of Marriage, the assumption of said debts was considered alimony and was not to be discharged in bankruptcy.

A pre-trial was held on said Complaint and counsel agreed that Beneficial Finance Company is owed $777.77; Visa (First National Bank) is owed $1,341.58; O'Neil Company is owed $397.90; General Motors Acceptance Corporation is owed $1,087.04 and Merle and Emma Watrous are owed $500.00.

It was further agreed that the debts were mutual obligations of the parties during their short nine-month marriage. There were no children born of the marriage.

The Court further finds that a Decree of Dissolution of Marriage was granted to the parties on September 5, 1980 by the Domestic Relations Court of Summit County and said Decree incorporated that part of the Separation Agreement entered into by the parties on May 21, 1980. Leonard James George, Jr. was not obligated to support the Plaintiff in the Separation Agreement.

The petition in bankruptcy was filed on September 23, 1980 and the schedules were amended on November 21, 1980 to include Jean George, the plaintiff as a creditor.

Based upon the above facts, the said matter was submitted to this Court for determination of the dischargeability of said debts.

## ISSUE

The issue is whether a division of property is alimony and whether a provision of the Separation Agreement incorporated in the Decree of Dissolution of Marriage providing that said debts are not dischargeable is binding on the parties in question.

## LAW

Debtor's former wife, Jean Watrous, seeks an Order determining that five joint debts assumed by Debtor upon the dissolution of the couple's marriage are nondischargeable in bankruptcy. The joint debts are owed to GMAC, Beneficial Finance, Visa, O'Neil's, and Mr. and Mrs. Merle Watrous and were assumed by the Debtor in Paragraph 6 of the Separation Agreement between Leonard James George, Jr. and Jean George. In addition to the assumption of the debts, that paragraph provides that, "These debts as alimony, shall not be dischargeable in bankruptcy."

■ Through this clause, Debtor's former wife has attempted to foreclose any issue as to the nondischargeability of the debt assumption. However, this clause is not dispositive of the issues which are presented to a Bankruptcy Court when an allegation of nondischargeability has been made. *3 Collier on Bankruptcy*, 15th Ed., Section 523.-15(5) at 523–112; Bankruptcy Rules of Procedure 409(a)(1).

■ The clause in the Separation Agreement providing that the assumption of debts by Debtor was not dischargeable in bankruptcy is not enforceable unless the assumption of debts is in fact in the nature of alimony. To hold that this phrase made an otherwise dischargeable debt non-dischargeable would be to make of this clause a valid, pre-bankruptcy waiver of rights under the Bankruptcy Code. Under the Bankruptcy Act, a waiver of rights under the Act, executed prior to bankruptcy, was unenforceable. *In Re Weitzen*, 3 F.Supp. 698 (S.D.N.Y.1933); *In Re Kriger*, 2 B.R. 19 (Bkrtcy.Or.1979). Pre-bankruptcy waivers were held to be unenforceable as being in

conflict with the purposes of the Bankruptcy Laws. *In Re Weitzen, supra.* These waivers continue to be in conflict with the purposes of the Bankruptcy Code and thus the clause in question will be enforceable only if found to be in the nature of alimony, maintenance or support.

In *In Re Warner,* 5 B.R. 434 (Bkrtcy. Utah 1980) it was stated that a court is not to accept as determinative a statement in a property settlement agreement that a particular award or disposition of property is alimony or, on the other hand, a division of property. The Court is instead to look to the substance of the decree and see if the obligations were imposed to support the benefited spouse. *In Re Warner, supra; In Re Miller,* 8 B.R. 174 (Bkrtcy.N.D.Ohio 1981).

The Separation Agreement in question was drafted by counsel for Debtor's former wife. That she chose not only to label the debt assumption as alimony but also as "nondischargeable" in bankruptcy does not change this Court's duty under 11 U.S.C. Section 523(a)(5) to look behind the words of the agreement and determine whether the debt is actually in the nature of alimony, maintenance or support for Debtor's spouse.

It is the finding of this Court that the hold harmless clause in question is not in the nature of alimony, maintenance or support but instead is a division of property. As such, the assumption of debts by Debtor is dischargeable.

In making a determination as to whether a hold harmless clause is in the nature of alimony, maintenance or support, this Court has earlier stated that the substance of the underlying debts should be examined to see if the "debts represent property or services necessary for the maintenance of the spouse or children." *In Re Miller, supra.*

No evidence has been given herein that the debt assumption was imposed upon Debtor in order to support his former wife. It is, of course, the former wife who had the burden of showing the non-dischargeability of the debts. Bankruptcy Rule 407.

The debts in question were incurred for general merchandise purchases (O'Neil's and Visa), to consolidate and pay off bills incurred by the couple (Beneficial Finance), as well as a personal loan from the parents of Debtor's former wife. These debts do not represent property or services necessary for the support of Debtor's former wife and thus are dischargeable. *In Re Miller, supra.*

Under modern law a duty of support is no longer presumed. *In Re Warner, supra.* Debtor and his former wife were married for only nine months. There was no issue of the marriage. No evidence was introduced to show that Debtor's former wife is incapacitated or otherwise unable to work. In light of this, it cannot be said that the hold harmless clause was inserted in the Separation Agreement in order to provide support for Plaintiff, Jean Watrous. Instead, this clause, along with the hold harmless clause in Paragraph 7 wherein Jean Watrous assumed certain of the couple's debts, was no more than a division of the debts incurred by Debtor and his former wife.

Notwithstanding the fact that the hold harmless clause is labelled nondischargeable alimony, this Court finds that the provision is not in the nature of alimony, maintenance or support. The assumption of debts by Debtor in the Separation Agreement is therefore dischargeable.