In re James Thomas HACKWORTH, Debtor.

Karen K. Hackworth MALONE, Plaintiff,

v.

James Thomas HACKWORTH, Defendant.

Bankruptcy No. 1–81–02288.

Adv. No. 1–81–0347.

United States Bankruptcy Court, S.D. Ohio, W.D.

April 1, 1982.

Ronald E. McKenzie, Portsmouth, Ohio, for plaintiff.

Richard L. Eisnaugle, Portsmouth, Ohio, for defendant.

David W. Kuhn, Portsmouth, Ohio, interim Trustee.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

Debtor (hereinafter referred to as "defendant") filed a petition for relief under

Chapter 7 of the Bankruptcy Code. The above captioned adversary proceeding concerns the dischargeability of a debt under 11 U.S.C. § 523(a)(5). Pursuant to agreement of counsel at pretrial conference, the matter has been submitted for decision on the parties' stipulation of fact and memoranda of law setting forth their respective positions.

The stipulation of fact provides as follows:

"1. That defendant incurred an original debt with the Farmers Home Administration in 1977 to operate his farming business. At the time of said indebtedness he gave Farmers Home Administration as collateral farm equipment and a second mortgage on the real estate.

2. That the plaintiff and defendant were married on June 28, 1980.

3. That each year the defendant refinanced with Farmers Home Administration concerning his farm loan and that for the year 1980 he received the money in August of 1980, which was approximately a month and a half after the plaintiff and defendant were married and as a result of the fact that they were married the Farmers Home Administration required the plaintiff to sign the mortgage and note since she was married to defendant. That as a result plaintiff signed the note and mortgage in August of 1980, for approximately $45,000.

4. In April of 1981, plaintiff and defendant entered into a separation agreement a copy of which is attached hereto and marked as 'Exhibit A'.

5. In June 19, 1981, plaintiff and defendant were divorced. A copy of the judgment entry is attached hereto and marked as 'Exhibit B'."

The separation agreement, incorporated into the stipulation of fact, provides in part:

"ARTICLE III: DIVISION OF PROPERTY.

Each party shall retain his or her own personal possessions. The wife is to retain her 1978 automobile and is to pay any indebtedness on the same and is to hold the husband free and harmless from the payment of the same. The wife is to retain all the household goods and furnishings.

The husband is to retain the farm machinery and is to pay the indebtness (*sic*) on the same, including a mortgage to the Farmers Home Administration. The husband is to apply for a release to release the wife from any obligation and payment of the debt, and is to hold her free and clear from payment of the same. The husband is to retain his Pick-up Truck and to pay any indebtness of the (*sic*) same. The husband is to retain the Real Estate which he had before the parties were married.

ARTICLE IV: DEBTS.

The husband is to pay any and all debts incurred by the parties during their marriage . . ."

▮▮▮ The issue before us is whether or not defendant's obligation to satisfy the indebtedness owing to the Farmers Home Administration (FHA) is dischargeable under 11 U.S.C. § 523(a)(5). We hold that defendant's obligation does not constitute "alimony to, maintenance for, or support of" plaintiff and is therefore dischargeable in bankruptcy.

Section 523(a)(5) states in pertinent part:
"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;"

In previous decisions which we have rendered under § 523(a)(5) involving the transfer of liability for certain debts under a separation agreement, we have made clear that in determining whether the "liability is actually in the nature of alimony, mainte-

nance, or support", the primary inquiry is whether the parties intended that the assumption of liability for the debt be alimony, by contrast to being part of a general scheme of division of debt or property. *See In re Smith,* Adversary Nos. 1–81–0082 and 1–81–0083, at pp. 3–4 (Bkrtcy., S.D.Ohio 1981); *In re Diers,* 7 B.R. 18, 21 (Bkrtcy., S.D.Ohio 1980). In ascertaining the parties' intentions, it becomes necessary to examine the separation agreement, and the character of the obligation described therein, from which evidence of intent may be inferred.

Generally, the separation agreement in this proceeding discloses that the apparent intention of the parties was to effect a division of property. While defendant retained the realty, farm equipment, truck and his personal belongings, plaintiff was given the household goods, her automobile and personal possessions. Consistent with this scheme of property division, defendant assumed the burden of the secured obligations on the property that was retained by him. The provisions for assumption of liability on the indebtedness were therefore incidental to the distribution of the property rather than a means for providing alimony, maintenance or support.

Further, the nature of the disputed obligation does not indicate that it was intended to be alimony, which may be defined as a "substitute for marital support." 24 Am. Jur.2d, *Divorce and Separation,* § 514, at pp. 640–41. It is significant that the collateral securing the underlying debt was retained by the spouse, defendant herein, who is obligated to repay the debt under the separation agreement. Therefore, the result of the transaction did not impose upon defendant an obligation to provide plaintiff with a necessity of life, insulated from the reach of marital creditors. *Contra In re Smith, supra,* (transfer of marital home to non-debtor spouse with debtor assuming liability to second mortgagee).

While plaintiff argues that assumption of the debt by defendant constitutes support to plaintiff, it was not the intention of Congress to make nondischargeable all debts subject to such "hold harmless" agreements, but only those that constitute alimony, maintenance or support. *See* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 363 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Although a discharge of the debt in bankruptcy transfers liability thereon to plaintiff, that fact alone does not *a fortiori* compel a finding that the transaction was meant to be a substitute for marital support. Something more than the mere transfer of the burden to repay a debt must be present in order to hold such marital obligations nondischargeable. As we have seen, there are no indicia of intent by the parties to the separation agreement that defendant's assumption of payment on this debt was in lieu of marital support.

In addition to our conclusion in regard to the parties' intent in executing the separation agreement, we note that the brevity of the marriage—approximately one year—weighs in favor of our conclusion that the assumption of the debt by defendant was not intended to constitute alimony, support or maintenance. *Contra In re Smith, supra.*

We find the issues in favor of defendant. The complaint will be dismissed.