**In re Joseph Lyle ANDERSON, Jr. Debtor.**

**Mamie S. ANDERSON, Plaintiff,**

v.

**Joseph Lyle ANDERSON, Jr., Defendant.**

**Bankruptcy No. 81–00877–P.**
**Adv. No. C81–0678–P.**

United States Bankruptcy Court,
S. D. California.

June 30, 1982.

Joe D. Adkins, Coronado, Cal., for plaintiff Mamie S. Anderson.

Louise Decarl Malugen, Dunn & Malugen, San Diego, Cal., for debtor/defendant Joseph Lyle Anderson.

## MEMORANDUM OF OPINION

ROSS M. PYLE, Bankruptcy Judge.

### FACTS

Plaintiff Mamie S. Anderson (Mamie) brought this adversary proceeding seeking to have the debt owed to her by the Debtor, Joseph Lyle Anderson (Joseph), determined to be nondischargeable. The debt which is

the subject of this proceeding arose from the Final Judgment of Dissolution of Mamie and Joseph's marriage. The Judgment incorporated a stipulation between Mamie and Joseph which provided in pertinent part:

"Respondent [Joseph] shall pay to petitioner [Mamie] child support in the amount of $1 per month until such time as the minor child reaches the age of 18 or is earlier emancipated, or until further order of the Court upon a proper showing of changed circumstances. Respondent shall pay to petitioner spousal support in the amount of $1 per month until the remarriage of petitioner or the death of either party, or until such time as a proper showing of change of circumstances is made. *Said order for child and spousal support is based upon the following:* That petitioner shall receive as her share of the community property her 43% interest in respondent's gross monthly pension..." (Emphasis and bracketed portions added.)

Pursuant to the Judgment Joseph began paying 43% of his monthly military retirement benefits to Mamie. However, when his monthly benefits increased, Joseph did not increase his monthly payments to Mamie. On October 6, 1980, Mamie brought a contempt action in the State Court to enforce the payment of arrearages which had accrued. Mamie and Joseph resolved the contempt action by stipulating that the total arrearages plus interest due to Mamie was $10,875.03, that the contempt action be dismissed, and that Joseph immediately begin to pay the correct amount due Mamie from the monthly benefits.

On March 20, 1981, Joseph filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. Joseph's Chapter 7 schedules list the judgment for arrearages as a debt. Mamie filed this adversary proceeding seeking a determination that the judgment for arrearages is a nondischargeable debt under 11 U.S.C. § 523(a)(4) & (5).

## ISSUES

1. 11 U.S.C. § 523(a)(4).

Following the presentation of all the evidence, Joseph moved for summary judgment on the § 523(a)(4) portion of the complaint. At the trial the Court reserved ruling on that motion. After reviewing the evidence, the Court finds that Joseph's motion is well taken. Mamie failed to produce any evidence that Joseph breached any fiduciary duty owed to Mamie.

■ In order to prevail on a complaint under § 523(a)(4), Plaintiff must establish the existence of a "technical trust". *See Davis v. Aetna Acceptance Corp.*, 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); *In re Pedrazzini*, 644 F.2d 756 (9th Cir. 1981).

■ Mamie failed to show that such a relationship was established by the judgment of dissolution. There being no evidence of a fiduciary relationship, Joseph's motion for summary judgment on the § 523(a)(4) portion of the complaint is hereby granted.

2. 11 U.S.C. § 523(a)(5).

The more difficult issue in this case is whether the stipulated Dissolution Judgment proviso that Mamie receive 43% of Joseph's military retirement was support or a distribution of community property.[1] The State Court Stipulated Judgment for Arrearages retains the character of the underlying obligation. *In re Glover*, 16 B.R. 213, 215 (Bkrtcy., M.D.Fla.1981); 3 *Collier on Bankruptcy*, ¶ 523.15 (15th ed. 1981). Thus, if the award to Mamie was support, the

---

1. See 11 U.S.C. § 523(a)(5)(B) which provides in pertinent part that the debtor will not be discharged from a debt...

"(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;"

judgment for arrearages is not dischargeable. 11 U.S.C. § 523(a)(5).

## DISCUSSION

■ In determining the nature of the obligation, this Court will "'look to the substance of the obligation, and not to labels imposed by state law' or imposed by language in the agreement itself." *In re Hughes*, 16 B.R. 90, 92 (Bkrtcy., N.D.Ala. 1981) (citations omitted). The Bankruptcy Court may look behind the dissolution agreement even where it expressly provides that no support is to be paid by either party. *In re Gentile*, 16 B.R. 381 (Bkrtcy., S.D.Ohio 1982). (Husband's obligation under the agreement to pay various marriage debts was nondischargeable because the agreement must have been intended as a contribution toward the sustenance of the separated family.). *See also In re George*, 15 B.R. 247 (Bkrtcy., N.D.Ohio 1981).

■ In determining whether an obligation is in the nature of support or property settlement Courts have considered several factors. *In re Ingram*, 5 B.R. 232 (Bkrtcy., N.D.Ga.1980) stated five factors to be considered: (1) the label given to the award by the state court, (2) the context of the disputed provision in the decree, (3) whether the obligation terminates on the death or remarriage of the recipient spouse, (4) whether the obligation terminates upon the death of the donor spouse, and (5) whether the disputed payment to balance disparate

incomes. *Id.* at 235. Additional factors, considered by several different courts, are summarized in the case of *In re Petoske*, 16 B.R. 412, 413–14 (Bkrtcy., E.D.N.Y.1982). They are: the location of the award in the separation agreement; whether lump sum or terminable periodic payments were provided for; whether there were children of the marriage who had to be provided for; the relative earning power of the spouses; the adequacy of support absent a debt assumption; and the parties' negotiations and understanding of the provision. *Id.* at 414. An additional factor important to this Court's determination is whether a purported "property" award relieves one spouse from a support obligation.

In the present case the factors weigh both for and against each party. The State Court Judgment identifies the award as Mamie's "share of the community property." The amount of the award was determined by dividing the number of years Mamie & Joseph were married while Joseph served in the military, divided by the total number of years Joseph spent in the military multiplied by one-half, multiplied by the monthly benefit payment. Continuing payment to Mamie was not made conditional on Mamie's remaining unmarried as would be typical of a support award.

The foregoing factors, however, cannot be viewed without reference to the remainder of the Dissolution Judgment and circumstances existing at that time.[2] At the time of the dissolution, Mamie and Joseph

---

2. This Court must consider the circumstances existing at the time of the dissolution decree in ruling whether an obligation is support and, therefore, nondischargeable. This court disagrees with the holding of *In re Nelson*, 16 B.R. 658 (Bkrtcy., N.D.Tenn.1981), *In re Harrell*, 13 B.R. 302 (Bkrtcy., N.D.Ga.1981); *In re Warner*, 5 B.R. 434 (Bkrtcy., C.D.Utah 1980).

In *Nelson, supra*, the court held that a support obligation was nonetheless dischargeable because at the time of the discharge in bankruptcy the spouse had no *present* need that the debt be paid. The court reasoned that the debtor's fresh start should not be impaired by nondischargeable support obligations absent the present need of the spouse that the obligation be paid. Such a result is simply not supported by the plain language of § 523(a)(5) or by its legislative history.

*In re Harrell, supra*, held that summary judgment was not appropriate because there was a genuine issue of material fact as to the present need for payment of the support arrearages.

*In re Warner, supra* at 442, stated that the Court could consider "not only the intent and circumstances surrounding the original divorce or separation decree, but also any change in circumstances that have occurred since the original determination up to the time of the filing of the petition in bankruptcy."

In this Court's view the determination of what a spouse's needs are for child or spousal support should be left for state court determination, without second guessing by the Bankruptcy Court which may impose its specialized view in an area in which it doesn't belong.

had been married for over 22 years, and had a minor child. Mamie was not then employed. The Stipulated Judgment of Dissolution states that the nominal support awards were based upon Mamie's right to receive 43% of Joseph's monthly military retirement benefits.

 After reviewing the evidence, it is clear that the award of 43% of Joseph's monthly military retirement benefits, was intended to provide Mamie with the means to support herself and her child. Mamie was unable to make ends meet without assistance from Joseph. That assistance was the allocated portion of the retirement payments. The language of the Stipulated Judgment of Dissolution indicates that both parties intended Joseph to pay part of his military retirement benefits to Mamie so that she and their child would be provided with the means necessary for their support. The nominal support awards were expressly "based upon" Mamie's receipt of 43% of Joseph's retirement pay. That provision also excused Joseph from any support obligation except for the nominal $1.00 per month under the then existing circumstances of the parties.

As a defense to Mamie's complaint, Joseph asserted that there can be no debt resulting from the Dissolution Judgment because military retirement benefits are not community property. In support of this contention Joseph relies on the recent Supreme Court decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In *McCarty* the Court found that Congress intended military retirement benefits to be the separate property of the military spouse. The Court, thus, held that a state court may not divide such benefits as community property upon the dissolution of a marriage.

 The *McCarty* holding is a narrow one: Military retirement pay is not community property. Nothing in *McCarty*, however, prohibits a State Court, in a dissolution proceeding, from ordering that a retired military spouse pay support out of his or her military retirement benefits. Indeed the Court stated: "In 1975, Congress

amended the Social Security Act to provide that all federal benefits, including those payable to members of the Armed Services, may be subject to legal process to enforce child support or alimony obligations." *Id.* at 230, 101 S.Ct. at 2740; *see also In re Vogt*, 14 B.R. 743, 747 (Bkrtcy., E.D.Va. 1981).

### CONCLUSION

The evidence clearly indicates that both Mamie and Joseph believed that Mamie would use the proceeds from the award to support herself and her child. *McCarty v. McCarty, supra*, recognizes that a State Court may order that spousal support or child support be paid out of military retirement benefits. Accordingly, the Court finds that the State Court judgment of arrearages is nondischargeable under 11 U.S.C. § 523(a)(5).

This Memorandum of Opinion will constitute Findings of Fact and Conclusions of Law in accordance with Bankruptcy Rule 752.