**In re Lynn Earl WILEY dba Wiley Motors, Debtor(s).**

**Carole L. WILEY, Plaintiff,**

v.

**Lynn Earl WILEY, Defendant.**

**Bankruptcy No. 382–00574.**
**Adv. No. 82–0381.**

United States Bankruptcy Court,
D. Oregon.

Sept. 29, 1982.

Leeroy O. Ehlers, Pendleton, Or., for debtor.

Garry L. Reynolds, Hermiston, Or., for plaintiff.

MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

The complaint seeks an order of this court that certain obligations provided in decree of divorce to be performed by the debtor represent non dischargeable obligations under 11 U.S.C. § 523(a)(5) and requests a money judgment against the debtor.

The evidence shows that the parties were married on June 18, 1977. The marriage was terminated by a decree entered November 25, 1980. At that time of the decree the plaintiff was earning a salary of $950 per month. At that time the defendant was selling cars. His income for 1980 was $2,700 and in 1981 was $6,000. Thus the plaintiff's earnings at that time were substantially greater than the earnings of the defendant. There were no children of the marriage. In the decree paragraph 1 provided for dissolution of the marriage. Paragraph 2 provided judgment to the plaintiff for her attorney fees and costs. Paragraph 3 provides: "The property of the parties is distributed as follows: * * *." Paragraph 3 is then divided into subparagraphs (a) and (b). (a) distributed to the plaintiff her personal property and effects, all household furniture and appliances, all bank accounts in her name, all state and federal income tax refunds for the year 1980 and a mobile home. It also provided that the plaintiff pay the indebtedness on the mobile home and that the defendant give the plaintiff a 1975 or newer automobile to replace an automobile which the defendant had sold. Subparagraph (b) awarded to the defendant his personal property and effects and all other property not specifically awarded to the plaintiff. It also provided that the defendant assume and pay all debts arising out of the ownership of Wiley Motors, all debts incurred by him since April 1, 1980 and certain other debts. Paragraphs 4 and 5 of the decree do not relate to property of the parties or support of the plaintiff. Thus the decree does not specifically use the terms support or alimony. If any part of the decree is to be considered as a provision for support for the plaintiff it must be by implication rather than by a provision labeled by the court as support or alimony.

In determining whether a particular provision of a decree was intended by the divorce court to be a provision for support of one of the parties rather than a division of the property and debts by the parties, it is not necessary that a provision claimed to be in the nature of support be labeled by the divorce court to be a provision for support in order to find that such was intended. On the other hand, when a provision in a divorce decree is claimed in the bankruptcy court to have been a provision of support, the fact that it was labeled by the divorce court as a division of property, should be given some weight.

In this case due to the short duration of the marriage, the fact that there were no children of the marriage, the fact that the earnings of the plaintiff exceeded the earnings of the defendant, the fact that the decree makes no specific provision for support as such, and the fact that the provisions claimed by the plaintiff to be provisions in the nature of support were labeled by the divorce court as provisions for divisions of property, this court concludes that none of the provisions of the decree are in the nature of support. Therefore any liability owing by the defendant to the plaintiff under the decree of divorce are dischargeable.