**In the Matter of Marc Stephen GONZALEZ, Debtor.**

**Alice B. GONZALEZ, Plaintiff,**

v.

**Marc Stephen GONZALEZ, Defendant.**

**Bankruptcy No. 682–00560.
Adv. No. 682–0377.**

United States Bankruptcy Court,
N.D. Ohio.

Jan. 27, 1983.

Robert J. Wachunas, Canton, Ohio, for plaintiff.

Jack A. Blakeslee, Canton, Ohio, for defendant.

JAMES H. WILLIAMS, Bankruptcy Judge.

Defendant in this dischargeability action has moved the court for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 712(b). Plaintiff's complaint, as amended, seeks a determination that an obligation imposed upon defendant by the divorce decree of the parties to pay certain debts and save plaintiff harmless on same is excepted from discharge under 11 U.S.C. § 523(a)(5).

In ruling upon defendant's motion for judgment on the pleadings, the well-pleaded factual allegations of the complaint are to be taken as true. *See* 2 A Moore's Federal Practice para. 1215 (2d ed. 1982). Conclusions of law, however, are not deemed to be admitted. *Id.*

The facts thus established for purposes of this motion are as follows. On May 4, 1982, a final decree of divorce was entered by the Stark County Court of Common Pleas, containing the following relevant provisions:

(10) * * * It is further ORDERED, ADJUDGED and DECREED that the wife pay, as due, the O'Neil's charges and Three Hundred and no/100 Dollars ($300.00) towards the Visa charges and agrees to save the husband harmless thereupon; and that the husband pay, as due, the remainder of the Visa charges and any deficiency judgment that may be levied against the parties due to the repossession of the 1979 Volvo 264 automobile and agrees to save the wife harmless thereupon.

(11) It is further ORDERED, ADJUDGED and DECREED that neither party shall pay any alimony.

Plaintiff's amended complaint as noted, asks the court to determine that defendant's obligation to save plaintiff harmless upon the Visa account and the deficiency judgment resulting from the sale of the Volvo is in the nature of alimony or maintenance and is therefore nondischargeable in these proceedings.

Defendant advances two arguments in support of his motion. First, it is suggested that the obligation owed to plaintiff is dischargeable because the divorce decree does not specify payment directly to the

spouse. Although there is authority in support of defendant's position, this court believes the better view to be that a "hold harmless" agreement can create a nondischargeable obligation if it is found to be a means of providing alimony, maintenance or support, as those terms have been defined pursuant to Section 523(a)(5). *See, e.g., In re Stranathan,* 15 B.R. 223, 8 B.C.D. 472, 5 C.B.C.2d 640 (D.Neb.1981); *In re Miller,* 8 B.R. 174, 3 C.B.C.2d 595 (N.D.Ohio 1981); House Report No. 95–595, 95th Cong., 1st Sess. (1977) 364, U.S.Code Cong. & Admin.News 1978, p. 5787.

Secondly, defendant suggests that paragraph 11 of the divorce decree conclusively determines that his obligation to save plaintiff harmless on joint indebtedness is not in the nature of alimony, maintenance or support within the meaning of Section 523(a)(5). While this court weighs the language of a divorce decree as a factor to be considered in making its determination of dischargeability, *see, e.g. In re Carmel,* Case No. 680–00079, Adversary Case No. 680–0037 (N.D.Ohio, February 17, 1981) (unreported decision), it is recognized that the characterization of a given debt in a divorce decree is not to be accorded conclusive effect by the bankruptcy court. *See In re George,* 15 B.R. 247, 5 C.B.C.2d 655 (N.D. Ohio 1981); *In re Warner,* 5 B.R. 434, 6 B.C.D. 788 (D.Utah 1980).

Other factors which the court may consider include the relative economic circumstances of the parties, the nature of the underlying debt, the length of the marriage and the number of children involved. *See generally In re Warner, supra; In re Sturgell,* 7 B.R. 59 (S.D.Ohio 1980); *In re Williams,* 3 B.R. 401, 6 B.C.D. 341, 1 C.B.C.2d 1086 (N.D.Ga.1980).

Given the requirement that the court must look beyond the four corners of the divorce decree to other factual considerations in making its determination on the question of dischargeability, plaintiff's assertion that she is entitled to be heard on these additional matters is well taken. Defendant's motion for judgment on the pleadings will therefore be denied.