**In re Bruce Wayne THOMAS, Debtor.**

**Sharon Dee COCHRUN, Plaintiff,**

v.

**Bruce Wayne THOMAS and John B. Jarboe, Trustee, Defendants.**

Bankruptcy No. 83–01807.
Adv. No. 84–0073.

United States Bankruptcy Court,
N.D. Oklahoma.

Oct. 28, 1985.

V. Scott Clear, Tulsa, Okl., for plaintiff.

Brian W. Huckabee, Huckabee & Huckabee, Tulsa, Okl., for defendants.

### ORDER GRANTING SUMMARY JUDGMENT

### ORDER OF DISMISSAL

MICKEY D. WILSON, Bankruptcy Judge.

This matter comes on for hearing pursuant to the motion for summary judgment and motion to dismiss of the defendant-debtor, Bruce Wayne Thomas to deny plaintiff's complaint under 11 U.S.C. § 523(a)(5) that a certain debt be declared nondischargeable, said obligation being in the nature of alimony, maintenance or support.

For the reasons set forth below, this Court has determined that said motions for summary judgment and dismissal should be, and the same are hereby, granted.

### I

### FACTS

On November 1, 1980, the defendant-debtor, Bruce Wayne Thomas, and the plaintiff, Sharon Dee Cochrun, were married and, during the course of their short-lived marriage, they encountered financial difficulties which, by February 22, 1982, prompted the plaintiff's father, George Cochrun, to execute a promissory note with the First Bank of Claremore (which loan was refinanced on March 3, 1982, encumbering certain real property of the plaintiff's father) and the proceeds of this loan were applied to various debts owed by Bruce and Sharon. After two years of marriage, on November 8, 1982, the couple was granted a divorce due to a "state of irreconcilable incompatibility." Relevant to the decision on the defendant-debtor's motion is that portion of the decree which provides:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the parties shall be liable for and pay to First Bank in Claremore, Oklahoma, the loan in the original principal amount of $5,016.45 executed by George Cochrun but for the benefit of the parties; and the Plaintiff shall make the monthly payment of $218.75 on said loan through December, 1982; that the Defendant shall make the remaining twenty (20) payments to the First Bank in Claremore, Oklahoma, as they become due, and hold the Plaintiff and her father, George Cochrun, harmless therefrom; these payments are adjudged to be a division of property of the parties, are irrevocable, and shall continue to be paid by Defendant until completed.

The defendant-debtor filed for relief under Title 11, U.S.C., Chapter 7 on December 12, 1983, and on March 23, 1984, filed the motions herein to Dismiss and for Summary Judgment, to have declared dischargeable his liability on the above-mentioned loan made by his father-in-law. The defendant-debtor contends that neither he nor his former wife, the plaintiff herein, have ever been obligated, personally or otherwise, on the note, but that the provision in the divorce decree was intended to protect plaintiff's father from liability thereon. The plaintiff has not responded to the defendant-debtor's motion.

## II

## SUMMARY JUDGMENT

The disposition of this matter lies within the rather significant parameters of Rule 56, Federal Rules of Civil Procedure, which, as Professor Wright states, "permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or crossclaim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law." WRIGHT, FEDERAL COURTS, § 99, at 491. And as this Court has said in the past, "Any party seeking judgment, whether granted summarily or after trial, must prove facts which establish the legal elements of his particular case." *In re Harold L. Curtis*, 38 B.R. 364 (Bankr.N.D.Okla.1983). Therefore, the role of the court in the summary disposition of a case is not to "try issues of fact," but only to "determine whether there are issues to be tried." The evidentiary burden on the moving party to establish the non-existence of any genuine question of material fact is indeed heavy, particularly when the cause of action incorporates a question of intent as one of its prime elements.

11 U.S.C. § 523(a)(5)(B) sets out the elements of the cause of action herein:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, of child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, *unless such liability is actually in the nature of alimony, maintenance, or support* ... (emphasis supplied)

Sub-paragraph (B) of § 523(a)(5) heralds substance as the predominating theme in the alimony, maintenance or support exception to discharge. The party moving herein must, therefore, show that no genuine issue of fact exists as to the substance of the disputed decree provision. In other words, the debtor must demonstrate that the loan, taken out by his former father-in-law, which he is decreed to re-pay, is undisputedly a "division of property."

This is a very heavy burden. The initial concern of a bankruptcy court in a 523(a)(5) matter is to effectuate the intentions of the parties and of the divorce court as they relate to the divorce decree. *In re Calhoun*, 715 F.2d 1103 (C.A. 6th, 1983); *In re Haney*, 33 B.R. 6 (Bankr.N.D.Ala.1983); *In re Edwards*, 33 B.R. 942 (Bankr.N.D.Ga. 1983); *Matter of Coil*, 680 F.2d 1170 (C.A. 7th, 1982); *In re Hobbs*, 30 B.R. 586 (Bankr.Nev.1983); *In re Hill*, 26 B.R. 156 (Bankr.Ohio 1983); *In re Hackworth*, 27 B.R. 638 (Bankr.Ohio 1982), and *In re White*, 26 B.R. 572 (Bankr.R.I.1983). As the Sixth Circuit describes, the court's task is two-fold: First, "(t)here is no basis for the bankruptcy court to create a non-dischargeable obligation for the debtor that the state court granting the divorce decree *or the parties to that proceeding did not create.*" *Calhoun*, supra at 1109. Second, upon arriving at the intent of the parties and the state court, "(t)he bankruptcy court should also look at the practical effect of the discharge of each loan upon the spouse's ability to sustain daily needs." Id.

Intent is deducible by resort to a number of factors, each made relevant to the particular inquiry as the evidence presents itself. First, the divorce decree is carefully examined, and the following indicia provide needed direction: (1) Whether any payments to be made are for a lump sum, *In re Edwards*, supra; *In re Anderson*, 21 B.R. 335 (Bankr.Cal.1982), and *Hixson v. Hixson*, 23 B.R. 492 (Bankr.Ohio 1982); (2) Whether any payments to be made are payable over a long period of time, *Edwards*, supra; (3) Whether payments or obligations terminate on the death or remarriage of the recipient spouse, *Edwards*, id.; *In re Conrad*, 33 B.R. 601 (Bankr.Ohio 1983); *Stout v. Prussel*, 691 F.2d 859 (C.A. 9th 1982); *In re Anderson*, 21 B.R. 335 (Bankr.Cal.1982); *Hixson*, supra.; (4) The label given the award by the divorce court,

*In re Anderson,* supra; *In re Wiley,* 27 B.R. 21 (Bankr.Or.1982); (5) The context of the disputed provision within the framework of the entire decree, *Anderson,* supra; and (6) Whether there are other provisions in the agreement which are separate and distinct from the provision in question which are designated as support or division of property, *Stout v. Prussel,* supra, *Anderson,* supra; *In re Schroeder,* 25 B.R. 190, (Bankr.Ill.1982); *Hixson,* supra; *Wiley,* supra. Second, the circumstances surrounding the divorce are scrutinized: (1) Whether support is adequate absent the assumption of debt, *Anderson,* supra; *Hixson,* supra; (2) Whether the disputed provision balances disparate incomes, *Anderson,* supra; *Schroeder,* supra; *Matter of Gonzalez,* 27 B.R. 81 (Bankr.Ohio 1983); *Hixson,* supra; *Wiley,* supra; (3) The length of the marriage, *Gonzalez,* supra; *Hackworth,* supra; *Hixson,* supra; *Wiley,* supra; (4) Level of Education, *Hixson,* supra; (5) Physical health, *Hixson,* supra; and (6) Property brought into marriage by either party, *Hixson,* supra.

■ As a general proposition, cases presenting questions of intent are not susceptible to resolution by way of summary judgment. See 10 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2730. The evidence that the moving party forwards, absent the affidavit of the defendant-debtor and the exhibit attached thereon, is the divorce decree of the District Court of Rogers County. It has labeled the disputed provision as a "division of property," and provides that each party to the divorce "are hereby denied alimony in any form." Of course the Court is not bound by "labels" in a divorce decree but substance prevails over form and the Court will effectuate the parties and the divorce court's intent in determining whether this obligation is in the nature of support. *In re Haney,* 33 B.R. 6 (Bankr.N. D.Ala.1983). The uncontroverted affidavit of the defendant shows the obligation was required to be assumed by the plaintiff and defendant for the benefit of plaintiff's father. No indication is given that defendant's assumption of the payments is for the support of the plaintiff; and in fact the

decree is abundantly clear the opposite is true, that this obligation is in the nature of a division of the debts of the parties, which the court "equitably" divided. This Court is also impressed with the clear, unambiguous, language in the decree, located in the same sentence creating the obligation, setting forth the obligation to be one of property division. The evidence before the Court is simply void of any indicia of creation of support payments.

■ There being no material issues to be tried by this Court, defendant's motion to dismiss and motion for summary judgment should be granted as aforesaid. Defendant's prayer for reimbursement of costs and attorney fees should be denied. No statutory grounds exist for the prevailing party to be awarded their costs and attorneys fees in an action under 11 U.S.C. § 523(a)(5). Absent bad faith the rule of *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) must prevail. See *Perry v. Landingham* Adversary No. 83–0607 (Bankr.N.D.Okla. Jan. 1984, attached).

AND IT IS SO ORDERED.

### APPENDIX

IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE ROBERT E. LANDINGHAM, JR. and MARGARET K. LANDINGHAM, Debtors,

EARNEST R. PERRY and BARBARA PERRY, husband and wife, Plaintiffs,

v.

ROBERT E. LANDINGHAM, JR. and MARGARET K. LANDINGHAM, Defendants.

Case No. 83–00819

Adversary No. 83–0607

Jan. 31, 1984

ORDER

MICKEY DAN WILSON, Bankruptcy Judge.

After trial upon the complaint of Earnest R. Perry and upon the counterclaim of Rob-

ert F. Landingham, Jr. and Margaret K. Landingham, judgment was entered terminating and lifting the stay as to the plaintiffs, Earnest R. Perry and Barbara Perry so that they may continue the foreclosure action and proceedings pending in the District Court in and for Tulsa County, State of Oklahoma. Subsequent to entry of judgment plaintiffs filed a motion to tax attorneys fees and costs to defendant incurred in litigation of the complaint and defense of defendants' unsuccessful counterclaim to avoid plaintiffs' lien.

Upon consideration of the record before the Court, the briefs on file herein, and statements of counsel, the following findings of fact and conclusions of law are made and entered and determination made as to the costs to be taxed in this proceeding.

The general rule under federal practice has long been that attorney's fees are not ordinarily recoverable in the absence of a statute providing therefor. See *Fleischman[n] Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714 [87 S.Ct. 1404, 18 L.Ed.2d 475] (1967).

There is statutory authority for imposing personal liability on an attorney for excessive costs incurred by a party because the attorney multiplied the proceedings in the case unreasonably and vexatiously.

Title 28 § 1927 of U.S.C. provides:

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Although § 1927 provides authority for an award of attorney fees under certain circumstances, plaintiffs do not allege that defendants' counsel acted unreasonably and vexatiously.

The American rule governing allocation of the costs of litigation places the burden of counsel fees on each party.

A narrow exception to the general American rule may be invoked when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240 [95 S.Ct. 1612, 44 L.Ed.2d 141] (1975); *CCMS Publishing Company, Inc., v. Dolly-Maloof [Dooley-Maloof], Inc.*, 645 F.2d 33 (10th Cir.1981); *In re Silverman*, 13 B.R. 270 (Bankr.S.D.N.Y. 1981). The bad faith exception was interpreted by Mr. Justice Powell, in *Roadway Express, Inc. v. Piper*, 447 U.S. 752 [100 S.Ct. 2455, 65 L.Ed.2d 488] (1980) to include not only cases where the action was commenced in bad faith, but also cases conducted in bad faith. An action is brought in bad faith when the claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons. *Browning Debenture Holders' Committee v. DASA Corp.* 560 F.2d [1078], 1079 (2d Cir.1980); *Nemeroff v. Abelson*, 620 F.2d 339 (2d Cir. 1980). A claim is colorable when it has some legal and factual support. The determinative issue is whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts actually have been established. *Nemeroff v. Abelson*, 620 F.2d 339 (2d. Cir.1980). Although it may be argued that the Landinghams' defense and counterclaim were meritless, there is no indication in the record that they were raised in bad faith or for other improper reasons. Plaintiffs have offered no evidence of bad faith on the part of defendant or that defendants' actions were for purposes of harassment. The Court finds and concludes that the claims of the Landinghams were at least colorable; though not maintainable under federal law, the claims were not asserted in bad faith. Accordingly, the Perrys' application that costs and attorneys fees be imposed upon the Landinghams is denied.

AND IT IS ORDERED.

Dated: January 31st, 1984.

c: William B. Selman
   Phil Rounds

   Gary Woods