**In re LANE, Wilbert Bryant a/k/a Lane, Rev. Bryant, a/k/a Lane, Pastor Bryant, Debtor.**

**Barbara LANE, Plaintiff,**

**v.**

**Wilbert Bryant LANE, Defendant.**

**Bankruptcy No. 92–01220–C.
Adv. No. 92–0203–C.**

United States Bankruptcy Court, N.D. Oklahoma.

Dec. 1, 1992.

---

Robert J. Bartz, Tulsa, Okl., for plaintiff.

Michelle A. Matthews, Tulsa, Okl., for defendant.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Chief Judge.

This matter comes on to be heard upon the Complaint filed by Barbara Lane ("Plaintiff") and upon the Answer thereto filed by Wilbert Bryant Lane ("Debtor"), raising the issue of whether certain amounts ordered to be paid by Debtor to third parties on pre-petition contractual unsecured debts are in the nature of alimony, maintenance or support and therefore, nondischargeable under § 523(a)(5)(B) of the Bankruptcy Code. Said section provides in part as follows:

(a) A discharge under § 727 ... of this title does not discharge an individual from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, ... but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support;

## STATEMENT OF FACTS

The Plaintiff resides in Wagoner County, Oklahoma. Debtor resides in Boulder, Colorado. On January 21, 1992, the parties were divorced pursuant to a Decree of Divorce ("Decree") entered in the District Court of Wagoner County. The Decree finds that the Plaintiff has an income of $1,000.00 per month and Debtor $1,800.00. Debtor was ordered to pay $360.00 per month child support plus 65% of all medical and day care expenses. The Decree further ordered Debtor to pay and hold the Plaintiff harmless from the following debts of the marriage:

1. United Bank of Greeley, secured by 1984 Buick LeSabre in the amount of $750.00;

2. American Express Optima debt in the amount of $5,000.00;

3. MasterCard in the amount of $1,850.00;

4. A second American Express Optima card in the amount of $1,850.00;

5. Unsecured debt in unspecified amount to individual named Joengs; and

6. Judgment awarded to Plaintiff in the amount of $838.85 for unpaid pre-divorce child support.

On January 31, 1992, Debtor filed a motion for a new trial and at the hearing on the motion the District Court of Wagoner County found that both parties had a lack of income producing ability and stated that one-half, or $2,500.00 of the $5,000.00 due on the first Optima credit card, should be described as "support alimony and not as alimony for the property division." No formal written order was entered on this oral finding of the judge.

On April 8, 1992, Debtor filed for relief under Chapter 7 of the Bankruptcy Code and has been granted a discharge of his debts. The issue before the Court is whether the above ordered payments on the credit cards, to Joengs, and for the car are nondischargeable under § 523(a)(5). The $838.50 due on the unpaid child support is admittedly nondischargeable.

## ANALYSIS

■ First, it is clear that the bankruptcy court is not bound by the characterization or designation of the state court in making the award. The clear language of § 523(a)(5)(B), requires the bankruptcy court to make an independent determination of the nature of the award. The state court could designate an award as alimony, but its true nature could be property division or vice versa. In the case of *In re Cox*, 543 F.2d 1277 (10th Cir.1976), the debtor was ordered to pay alimony in the sum of $16,800.00 at $200.00 per month. In this case, the court affirmed a decision of the bankruptcy court and district court holding that the award was part of the property division even though it was designated alimony.

In the case of *In re Goin*, 808 F.2d 1391 (10th Cir.1987), the court stated as follows:

[G]enerally, the determination of whether an obligation arising out of a divorce settlement is support is a matter of federal law, not state law. *In re Long*, 794 F.2d 928 (4th Cir.1986). Although state court decisions are to be regarded with deference, "bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement, *nor are they bound to accept a divorce decree's characterization of an award as maintenance or a property settlement.*" *In re Williams*, 703 F.2d 1055, 1057 (8th Cir.1983) (emphasis added).

Federal courts have held that a bankruptcy court must look beyond the language of the decree to the intent of the parties and to the substance of the obligation. *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir.1984). . . .

■ The Courts in determining whether a decree creates an obligation of alimony have looked at a multitude of factors. The most important are as follows.

1. How did the state court label the award?

2. Does it appear in a part of the decree separate and apart from the division of property or debts?

3. Was there disparity of income so that the recipient spouse needed alimony to support herself?

4. Did the award help provide for the necessities of life such as food, housing, clothing, transportation and medical care?

5. Was the award payable to the spouse or a third party?

6. Was it in a definite amount payable over a long period of time?

7. Are the payments terminable upon death or remarriage of the recipient spouse and is it modifiable?

*See In re Thomas*, 54 B.R. 450 (Bankr. N.D.Okla.1985); *In re Goin*, 808 F.2d 1391 (10th Cir.1987); *In re Yeates*, 807 F.2d 874 (10th Cir.1986); *In re Gianakas*, 917 F.2d 759 (3rd Cir.1990).[1]

1. Most of the decided cases have to do with a property settlement agreement entered into voluntarily by the parties. In the present case, the awards were made by the divorce court judge after a contested hearing. In either instance,

■ Applying these rules to the present case, the Court finds that the true nature of the award requiring Debtor to pay the debts on the credit cards and to Joengs is not in the nature of alimony, maintenance or support for an ex-spouse. These are contractual unsecured debts incurred prior to the divorce and would unquestionably be dischargeable in the absence of the Decree. This Court finds that the Decree does not change the true nature of the obligations and magically convert them into nondischargeable debts for the following reasons.

1. The order to pay these debts does not appear in a separate part of the Decree.

2. After the payment of child support, medical bills and child care, there is no disparity of income between the parties.

3. Paying unsecured debts to banks and credit card companies does not help to provide any of the necessities of life to the ex-spouse.

4. There is nothing in the Decree which provides that the payments terminate upon the remarriage of the ex-spouse or upon the death of either party.

5. There is no evidence that the Plaintiff was going to pay income tax on the amount of money Debtor would pay to these third parties.

6. There is nothing to indicate that the payments are modifiable.

As indicated above, this Court is not bound by the finding of the state court that one-half of the payment on the first Optima card debt is alimony. Under the express provisions of the Bankruptcy Code, this Court must make its own determination of the nature of the award.

■ In regard to the order to pay the debt due on the Plaintiff's car, the Court finds that this does provide a necessity of life in the form of transportation and therefore does contribute to her support. The Court finds this obligation nondischargeable.

this Court feels the same factors must be exam-

The Court will enter a separate order consistent with this Memorandum Opinion.

ined to determine the nature of the award.